### TEXAS & PACIFIC RAILWAY COMPANY v. O. H. GORMAN.
### No. 70.

**1. Damages—Measure of, for Negligently Destroying Trees.**—In an action against a railway company for negligently causing a fire which destroyed plaintiff's fruit trees and vines, the defendant will not be heard to complain that the measure of damages applied by the court was their cash value, instead of the lessened value of the land, since plaintiff may waive the incidental and additional damage to his land caused by the destruction of the trees.

**2. Negligence—Definitions.**—The court charged that "negligence is the lack of that care which an ordinarily prudent man would exercise in the management of his own affairs." Appellant contends that the definition should have been as follows: "Negligence implies generally the want of that care and diligence which ordinarily prudent men would use to prevent injury under the circumstances of the particular case." *Held*, that the difference in these definitions is so slight that under the facts in this case no injury could have resulted to appellant in this respect.


APPEAL from Parker. Tried below before Hon. J. W. PATTERSON.


*B. G. Bidwell*, for appellant.—1. The measure of damages for destroying growing trees on the plaintiff's land is the difference in the value of the land just before and just after the destruction of the trees, with interest. Railway v. Matthews, 60 Texas, 215; Railway v. Wallace, 12 S. W. Rep., 227; Railway v. Horne, 69 Texas, 643; Hutchings v. King, 1 Wall., 53; Bish. on Con., secs. 533, 294; United States v. Taylor, 35 Fed. Rep., 484; 32 Am. and Eng. Ry. Cases, 383; 17 Ala., 391; 46 Ind., 488; 35 Miss., 700.

2. The court erred in its definition of negligence. Cotton Press Co. v. Bradley, 52 Texas, 587; 95 U. S., 434.

*G. A. McCall,* for appellee.—If the thing destroyed, although a part of the realty, has a value which can be accurately ascertained without reference to the soil out of which it grows, the recovery may be of the value of the thing destroyed. Wheelock v. Railway, 36 Barb., 644; Railway v. Wallace, 12 S. W. Rep., 227; Railway v. Bohannan, 7 S. E. Rep., 236; Argotsinger v. Vines, 82 N. Y., 308–313; 3 Suth. on Dam., 368; 4 Am. and Eng. Ry. Cases, 252.

HEAD, Associate Justice.—The verdict of the jury, which is supported by the evidence, establishes that on the 23d day of November, 1889, appellant negligently set fire to the dry grass and weeds which it allowed to accumulate upon its right of way; and this fire spread to the farm of appellee adjoining, and burned over about 80 acres of his pasture, destroying 300 of his rails, 25 posts, 306 fruit trees, 60 grapevines, and 200 blackberry vines, the cash value of all of which amounted to as much or more than the verdict of the jury. Appellee brought this suit for the damage so caused to him, and recovered judgment for the sum of $609.17, from which this appeal is taken.

No complaint is made as to the amount of the verdict, or the sufficiency of the evidence to show negligence on the part of appellant.

Appellant complains that the measure of damage applied by the court below for the destruction of the growing fruit trees and vines was their cash value, when they should have been treated as a part of the land, and its lessened value the proper measure.

A number of decisions in such cases recognize as correct the rule adopted by the court below. Whitbeck v. Railway, 36 Barb., 644; Railway v. Bohannon, 7 S. E. Rep., 236; Montgomery v. Locke, 72 Cal., 75. Other authorities, however, perhaps with better reason, adopt the rule contended for by appellant. 3 Sedg. on Dam., 933, 934. This rule, however, is generally adopted for the benefit of the owner of the land, and not for the one causing the injury, upon the manifestly just ground that by the destruction of a valuable fruit, ornamental, or shade tree, the value of the land may be lessened in an amount many times the value of the tree itself, and in such case the rule adopted by the court below would not furnish adequate compensation.

We believe where the thing injured or destroyed is a part of the realty, the lessened value of the land will come nearer furnishing a just rule in its application to all cases than the one adopted by the court (Express Company v. Real Estate Association, 81 Texas, 81), but we do not believe appellant is in a position to complain that a different rule was applied to it in this case. If appellee is willing to accept the cash value of his trees and waive the incidental damage, if any, done by their destruc-

tion to his farm, it would seem that appellant should be satisfied. None of the evidence introduced tends in the least to show that the land was not damaged to the extent of the full value of the trees, whatever that might be. One of the methods of proving the damage to the land is by proving the value of the trees taken therefrom. Kolb v. Bankhead, 18 Texas, 228. And where the trees are full grown, and are valuable only as timber, their value, less the cost of marketing them, has been frequently recognized as the proper measure of the actual damage to be allowed for their wrongful or negligent destruction. 3 Sedg. on Dam., 933.

Appellant also complains at the action of the court in giving to the jury, at the request of appellee's counsel, the following definition of negligence, viz.: "Negligence is the lack of that care which an ordinarily prudent man would exercise in the management of his own affairs." The following definition was approved by our Supreme Court in Railway v. Oram, 49 Texas, 346, viz.: "Ordinary care and caution is such as a prudent man would exercise under similar circumstances." The definition to which we are cited by appellant is found in the opinion in Cotton Press Company v. Bradley, 52 Texas, 599, as follows: "Negligence implies generally the want of that care and diligence which ordinarily prudent men would use to prevent injury under the circumstances of the particular case." We believe the difference in these definitions is so slight that no injury could have resulted to appellant under the evidence in this case. No complaint is made against the finding of the jury on the question of negligence, nor is it contended that their verdict could have been different had this charge not been given.

The court committed no reversible error in calling the attention of the jury in the charge to the values of the several items as alleged in the petition.

We think the judgment of the court below should be in all things affirmed.

*Affirmed.*

Delivered January 17, 1893.

Justice STEPHENS did not sit in this case.