Texarkana & Fort Smith Railway Company v. Frank Spencer.

Decided February 26, 1902.

1.—Bill of Exceptions.
Where a bill of exceptions is taken to the exclusion of testimony, it should show what the testimony would have been.

2.—Appeal—Special Issues.
Where a case is tried on special issues, failure to submit an issue is not ground for reversal unless its submission was requested in writing; and an issue not requested and submitted is deemed to have been found by the court in such manner as will support the verdict. Rev. Stats., art. 1331.

3.—Damages—Measure of—Injury to Land.
A finding of the market value of land immediately before and immediately after an injury thereto gave the correct estimate of damages, and necessarily included injury from the destruction of shade trees and ornamental shrubbery and damages to a dwelling house thereon.

4.—Same—Market Value.
Failure of the court to instruct as to the legal meaning of "market value" is not error in the absence of request made for an explanation of the term.

Appeal from Jefferson. Tried below before Hon. Stephen P. West.

*Greer, Greer & Nall,* for appellant.

*Geo. C. Greer* and *Watts, Chester & Ellison,* for appellee.

NEILL, Associate Justice.—This suit was brought by appellee against appellant to recover $1500 damages alleged to have been caused by the negligence of the railway company in constructing its roadbed so as to obstruct the natural flow of surface water from his premises and cause it to accumulate thereon and flood the same.

The appellant answered by a general denial; plead that it had properly constructed its roadbed with proper and sufficient culverts for carrying off the water; and that the flooding of appellee's premises was caused by unprecedented rainfalls which it could not, by the exercise of any diligence and care, have foreseen and provided against.

Upon the trial the cause was submitted by the court to the jury upon special issues, and upon their finding thereon it entered judgment against the appellant for $638.60, from which it has appealed to this court.

*Conclusions of Fact.*—These conclusions will here be confined to such findings·of the jury upon the special issues submitted to them as evidently formed the basis of the judgment of the court below.

They are as follows: (1) On the 8th day of May, 1900, and prior thereto, the appellee owned and was in possession of lots Nos. 1 and 2 in block 112 of the city of Port Arthur, Jefferson County, Texas, and continued to own said premises from said date until the trial of this cause in the court below. On that day and on the days hereinafter stated there were upon said premises a two-story frame building, appellee's residence, outbuildings, shade trees, ornamental shrubbery, and hedges. (2) Since the 26th day of April, 1900, the appellant has maintained partially around said city,—beginning at the depot on the southwest thereof .and extending westerly, then northwesterly, thence northeasterly,—an embankment upon which it constructed its track, which holds the surface water caused from rainfall and the overflow of Sabine Lake upon the land, including appellee's premises, upon which the city of Port Arthur is built. That said roadbed or embankment was without sufficient culverts or sluices for the necessary drainage of the territory partially encircled by said roadbed. That the surface water, being unable to flow according to the natural lay of the land westward and southwest, on the dates ·hereinafter stated, by reason of the construction and maintenance of said embankment by appellant, flooded and submerged a great part of said city, including said lots of appellee. (3) The construction and maintenance of its roadbed in the manner before stated by the appellant was negligence, and by such negligence on the 22d and 27th days of April, the 8th, 30th, and 31st days of May, on the 1st and 2d days of June, and on the 8th day of September, 1900, appellee's premises were overflowed from rains and water from the lake, which, because it could not escape by reason of insufficient culverts and sluices in said embankment, stood for a number of days after each overflow on appellee's lots, thereby killing his shade trees, wholly destroying his ornamental shrubbery and hedges, and injuring, by causing it to career, his dwelling house. (4) The value ·of appellee's lots immediately before the injury caused by such negligence of appellant was $4500, and their value immediately after said injury was $3861.40, making a difference in their value of $638.60, in which sum the appellee was damages by said negligence of appellant.

*Conclusions of Law.*—1. The first assignment of error is as follows: "The court erred in excluding the offered testimony of Trost to the effect that after the September storms, when the defendant began putting in trestling, the city of Port Arthur and the Townsite Company decided to build a levee the length of the defendant's railway, as a protection against back water, as will appear from defendant's bill of exceptions, in that the same was pertinent and material to the issues herein." It does not appear from appellant's bill of exceptions that it could have made the proof by Trost indicated by the assignment. In fact it is not shown

what the company expected to prove by said witness. In appellant's statement subjoined to its proposition under this assignment, no reference whatever is made to the testimony claimed to have been excluded. If, however, appellant had offered to make the proof indicated by the assignment, we can not perceive that it would have had any relevancy whatever to the issues involved in this case.

2. The second assignment of error complains of the court's failure to submit to the finding of the jury as to whether there was an unusual and unprecedented rainfall and flood at Port Arthur and vicinity during A. D. 1900. If appellant deemed its evidence sufficient to warrant the submission of such an issue to the jury, it should have specially requested the trial court to require the jury to pass upon such issue. The failure to submit an issue is not a ground for reversal of the judgment on appeal or writ of error, unless its submission was requested in writing by the party complaining of the judgment. Upon appeal or writ of error (when a case has been submitted on special issues) an issue not submitted and not requested by a party to the cause is deemed as found by the court in such manner as to support the judgment. Rev. Stats., art. 1331; Breneman v. Mayer, 24 Texas Civ. App., 178.

3. It does not appear from the statement subjoined to appellant's proposition under its third assignment of error that it ever requested the court to submit special issue number 12, as is complained of in said assignment. Without such a statement we are not required to consider the assignment. But if, as the jury found by issues submitted, the overflow of plaintiff's lots was not caused by water from Alligator Bayou, but was caused as alleged by plaintiff, and that the water west of appellant's railroad did not impede the flow of water from off plaintiff's lots, the negative of the issue, which appellant claims should have been submitted, is clearly established.

4. The measure of damages in cases of damage to real property is usually the difference between the market value of the premises immediately before and immediately after the injury inflicted. Railway v. O'Connor, 51 S. W. Rep., 511. "The language, 'damage to land,' has been construed by the Supreme Court to mean 'an injury to the possession or to the freehold or estate.'" Knight v. Railway, 93 Texas, 417, and authorities cited in the opinion. The destruction of appellee's shade trees, ornamental shrubbery and hedges, and the injury to his dwelling house were damages to land. 3 Sedg. on Meas. of Dam., sec. 933; Foster v. Railway (Sup. Ct.), 45 S. W. Rep., 376; 12 Am. and Eng. Enc. of Law, p. 665. When the jury found under special issue number 10 that the market value of appellee's lots immediately before the injury was $4500 and immediately after the injury it was $3861.40, their finding necessarily included the injury resulting from the destruction of his shade trees, ornamental shrubbery, hedges, and damages to his dwelling house. It was upon this finding that the judgment appealed from was evidently entered. The submission to and finding by the jury upon special issues of damages to the trees, shrubbery, hedges, and dwelling

house was, in view of their finding under special issue number 10, entirely unnecessary and immaterial, since such injuries were necessarily included in their finding on the issue stated. As the findings of the jury on those matters did not enter into and form any basis for the judgment appealed from, and as the true measure of damages was found by the jury and the judgment entered upon it, the appellant can not complain of the court's failure to enter judgment on such immaterial and unnecessary findings. Had it done so, as well as given judgment for the difference between the value of the lots before and after the injury, as appellant contends it should have done, the appellee would have been given double damages and appellant would then be in an attitude to complain of such error, and have a good cause for the reversal of the judgment. As it is, the injuries to appellee's lots were properly measured by the correct rule of damages, and judgment entered only for the loss of value sustained by him to the land. It is true the judgment awards him nothing for the destruction of his vegetables, the injury to which was found by the jury, but of this he does not complain, and the appellant can not. What we have said in this paragraph disposes of the fourth, fifth, seventh, eighth, and ninth assignments of error.

5. Appellant's sixth assignment of error complains of the court's failure to instruct the jury as to the legal meaning of the term "market value," and to charge the jury to be governed by such value. It seems to us that the term "market value" is understood by men of ordinary intelligence, such as the law requires juries in this State to be composed of. If, however, appellant apprehended that the jury did not comprehend the meaning of the term, it should by a special charge have requested the court to have informed them. Having failed to ask such instruction, it can not be heard to complain.

6. The tenth assignment of error is in regard to an issue that appellant should have asked submitted to the jury if it desired a finding upon it.

7. The finding of the jury on the issue upon which the judgment was entered is, in our opinion, warranted by the evidence, and the court did not err in refusing to grant appellant's motion for a new trial.

There is no error which requires a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

Writ of error refused.