FT. WORTH & D. C. RY. CO. v. FIRESTONE. (No. 8045.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 21, 1914. Rehearing Denied Jan. 16, 1915.)

1. EVIDENCE ☞543½—OPINION EVIDENCE—EXPERT TESTIMONY.

Where a witness was thoroughly familiar with the market value of land in the vicinity, and saw and examined plaintiff's property immediately after the turf was burned, he is competent to testify as to the depreciation in the value of the land.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2359; Dec. Dig. ☞543½.]

2. DAMAGES ☞174—FIRES—DAMAGE TO LAND—EVIDENCE.

While the measure of damages for the burning of the turf on land is the difference between its value immediately before and after the

'fire, testimony that the value of the land was depreciated in a specified amount per acre is admissible, substantially complying with the rule.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec. Dig. ⊜174.]

**3. TRIAL ⊜120—ARGUMENT OF COUNSEL.**

Where a witness testified that a turf fire had killed the roots of grass, a statement by ·counsel that the witness testified that it would take three or fours years for the grass to reset, is not error requiring reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 285–287; Dec. Dig. ⊜120.]

**4. DAMAGES ⊜174—INJURIES TO LAND—EVIDENCE.**

In an action for damages for a turf fire, evidence that the grass burned was thick, and was from four to ten inches high, is admissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec. Dig. ⊜174.]

**5. APPEAL AND ERROR ⊜1050 — REVIEW — HARMLESS ERROR.**

Testimony by witness that grass burned in a turf fire was of better quality than grass not ·burned, if erroneously admitted, was harmless, where there was no evidence as to the quality of the remaining grass.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⊜1050.]

**6. APPEAL AND ERROR ⊜1170 — REVIEW — HARMLESS ERROR.**

Under court rule 62a (149 S. W. x), requiring the disregarding of immaterial errors, the refusal of an instruction in an action for damages for the burning of turf that no allowance could be made for injuries by droughts is harmless, where the court charged that the only damages recoverable were those suffered by reason of the fire, and there was nothing to show that the jury exceeded the court's instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ⊜1170.]

Appeal from Clay County Court; W. T. Allen, Judge.

Action by John H. Firestone against the Ft. Worth & Denver City Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Taylor & Humphrey, of Henrietta, and Thompson & Barwise and George Thompson, Jr., all·of Ft. Worth, for appellant. Wantland & Parrish, of Henrietta, for appellee.

DUNKLIN, J. John H. Firestone instituted this suit against the Ft. Worth & Denver City Railway Company for damages done to plaintiff's land by reason of injury to the roots and turf of grass caused by fire alleged to have been negligently started by the railway company, and also for the value of the grass burned. From a judgment in favor of the plaintiff, defendant has appealed.

·[1] J. D. Utley, a witness for the plaintiff, after testifying what the market value of the land was before the fire, was permitted, over defendant's objection, to testify as follows:

"The market value of the land was damaged from $4 to $5 per acre by reason of injury and damage done to the turf and grass roots."

One objection to this testimony was that the witness was not sufficiently qualified to give the opinion by reason of the fact that he had not seen the land before the fire. While it is true that the witness did so testify, yet it appears he was thoroughly familiar with the market value of lands in that vicinity and of that character, and that he saw and examined the land immediately after the fire, which, we think, was a sufficient predicate for the admission of the testimony.

[2] Another objection urged to the testimony was that the only proper method of proving the damage done to the turf would be to prove the value of the land immediately before and immediately after the fire. This objection was also urged to testimony of like character given by the plaintiff, Firestone, who also testified to the market value of the land immediately before the fire. We are of the opinion that this objection is without merit, since it is quite clear that the testimony in both instances was a substantial compliance with the rule invoked by the objection.

The testimony referred to was the only evidence introduced to prove depreciation in the value of the land on account of injury to the turf, and, upon the theory that such testimony was not admissible, the same familiar rule for estimating such damages is made the basis of the further contention that there was error in the refusal of a special peremptory instruction requested by the defendant that no damages could be allowed by reason of injury to the grass roots and turf. That assignment is overruled, for the reasons stated already.

[3] Plaintiff's counsel, in argument to the jury, quoted the witness Utley as having testified that it would take three or four years for the grass to reset on the land. An assignment is presented to the court's refusal of defendant's request for an instruction that such argument could not be considered. While the witness did not so testify in specific terms, the argument was not so improper as to require a reversal of the judgment, since the witness did testify that he examined the roots of the grass after the fire and found that they had been entirely killed by the fire.

[4, 5] Another assignment is presented to the action of the court in overruling defendant's objection to quite a lot of testimony given by Tom Firestone, John F. Firestone, Jr., and plaintiff, as shown by three separate bills of exceptions set out under the assignment. The only complaint made here is to that part of such testimony wherein the witnesses stated, substantially, that the grass burned was better than any other in the country and better than that which was left standing on plaintiff's land. In two of the bills of exception a part of the testimony set out and objected to was undoubtedly ad-

missible, as the same consisted of statements, substantially, that the grass burned was from four to ten inches high, was good thick grass, and the objection, being to the testimony as a whole was not tenable by reason of that fact. The same cannot be said of the other bill of exception, since the testimony there objected to consisted of the single statement that the grass burned was better than that which was not burned. If there was error in admitting that testimony we fail to perceive how it resulted in any harm to the defendant, since we are cited to no evidence showing the character or quality of the grass that was left standing.

[6] Complaint is made of the refusal of another requested instruction that no damages could be allowed for injuries done to the turf by reason of hot weather and droughts. Indorsed on the requested instruction is the following:

"The foregoing charge was requested after the court read his main charge to the jury and before the conclusion of the opening argument by plaintiff. Refused. W. T. Allen, County Judge."

Several of plaintiff's witnesses, including himself, testified that there has been continued droughts in the vicinity of plaintiff's land for several years, and that the grass had been very short on account thereof. In the charge given by the court to the jury injury to the turf by reason of the fire was the only basis submitted for allowing plaintiff damages for depreciation in the market value of his land. Aside from the suggestion of appellee that the requested instruction was not presented at the proper time, we are of the opinion that its refusal did not constitute reversible error, since there is nothing in the record to indicate that the jury went beyond the court's instruction and allowed damages to the turf caused by drought and hot weather, and not by fire. Rule 62a (149 S. W. x).

The judgment is affirmed.