## LONE STAR CANAL CO. v. BROUSSARD et al. (No. 6723.)

(Court of Civil Appeals of Texas. Galveston. April 28, 1915. Rehearing Denied May 20, 1915.)

**1. APPEAL AND ERROR ☞1002 — REVIEW — FINDING.**

A jury's finding, based on conflicting evidence, cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935-3937; Dec. Dig. ☞1002.]

**2. TRIAL ☞260—REFUSAL OF INSTRUCTION—INSTRUCTION ELSEWHERE GIVEN.**

Error could not be predicated upon the refusal of a requested instruction, where one on the same point more favorable to the objecting party was given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651-659; Dec. Dig. ☞260.]

**3. APPEAL AND ERROR ☞216 — PRESERVATION OF GROUNDS OF REVIEW—OBJECTIONABLE INSTRUCTION.**

Where a charge was correct as far as it went, the failure to request more specific instructions prevented the question of the sufficiency of the charge from coming up on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞216; Trial, Cent. Dig. § 627.]

**4. WATERS AND WATER COURSES ☞254—IRRIGATION — CONTRACT — ANCILLARY AGREEMENT—"CONSIDERATION."**

In an action by an irrigation company to recover for supplying water to defendants, where the original agreement was supplemented by a further one whereby the company, if defendants would plant certain land with rice, agreed to supply water therefor one month after the usual time for ceasing to pump, the fact that the company did not benefit under such ancillary agreement did not render it without consideration, since a valid "consideration" consists in benefit or detriment to either party, and need not be mutual.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 311; Dec. Dig. ☞254.

For other definitions, see Words and Phrases, First and Second Series, Consideration.]

**5. EVIDENCE ☞445—PAROL EVIDENCE—SUBSEQUENT CONTRACT.**

A written contract may be abrogated or altered by a subsequent parol agreement, and proof of such subsequent agreement is not inadmissible as an attempt to vary a written instrument by parol evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052-2065; Dec. Dig. ☞445.]

**6. EVIDENCE ☞141 — SIMILAR FACTS — IRRIGATION—INJURIES FROM FAILURE TO SUPPLY—DAMAGES.**

An action by an irrigation company to recover for water supplied, where the defendants brought a cross-action alleging damage to their crop through the company's failure to supply water for the time agreed, evidence, based on the yield of an adjoining tract of land, the conditions being shown to have been similar, was admissible on the point of damage to defendants.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 406, 408-413; Dec. Dig. ☞141.]

**7. EVIDENCE ☞533 — OPINION EVIDENCE — EXPERT TESTIMONY—DAMAGE TO CROP.**

The damage done to a crop by failure of an irrigation company to supply water therefor was a proper subject for expert testimony; sufficient showing having been made of the witness' qualifications.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2341; Dec. Dig. ☞533.]

Appeal from District Court, Chambers County; J. Llewellyn, Judge.

Action by the Lone Star Canal Company against D. L. Broussard, Jr., and another. From affirmative judgment for defendants in their cross-action, plaintiff appeals. Affirmed.

Lipscomb & Lipscomb, of Beaumont, for appellant. A. W. Marshall, of Anahuac, for appellees.

McMEANS, J. The Lone Star Canal Company brought this suit against D. L. Broussard and George Staples to recover $1,314, water rates for supplying water to defendants for 219 acres, a part of their rice crop of the year 1912, with interest and attorney's fees, under a written contract which provided that the defendants should pay as water rental $6 per acre for each and every acre of land planted in rice by the defendants during said year, and which should be watered in whole or in part by plaintiff. Defendants answered by general denial and other pleas not necessary to be stated, and by way of cross-action set up that, subsequently to the execution of the written contract, and before they had prepared the land for planting, and before the plaintiff had applied water to 150 acres of the 219-acre crop, they had decided not to plant said 150 acres, because of the lateness of the season, but that plaintiff expressly requested them to plow, prepare, and plant said 150 acres, and made a new agreement with defendants in regard thereto, whereby plaintiff agreed that if defendants would plant said 150 acres in rice, plaintiff would pump and supply water for them for a month after the regular season, which closed September 1st, in order to mature their rice crop thereon; that, relying upon this agreement, and understanding, defendants plowed and planted said 150 acres in rice, but that plaintiff breached its agreement to furnish water to mature the crop at the time it was most needed, whereby the crop suffered deterioration to the amount of $3,266.25, whereof three-tenths was suffered by their landlords and the remainder, $2,286.38, being credited with the water rates sued for, left $946.38, as the damages claimed by defendants. The case was tried before a jury, and resulted in a verdict for defendants for the sum of $2,286.28, less $1,340, water rent, leaving $946.38 as the damages sustained by defendants. Defendants voluntarily entered a remittitur of $87.36, and judgment was then duly entered in their favor for $859.02, from which the plaintiff has appealed.

Appellant's first assignment of error is predicated upon the refusal of the court to

give to the jury its first special charge, which contained a peremptory instruction to find for the plaintiff. Its first proposition is that the pleadings of defendants and charge of the court showed that plaintiff was entitled to be allowed its claim for water rates on 219 acres at $6 per acre. This is true, and the court so charged the jury, and the amount was found by the jury in appellant's favor.

The second proposition asserts that the undisputed evidence showed that appellant fully watered up to and including September 1st, and the irrigating canal was left full for defendants' benefit, and that the undisputed evidence shows freedom from obligation to pump after that date. The evidence sufficiently shows, we think, that the appellant discharged its obligation as to pumping water into the irrigation canals, up to September 1st, and that it then left the canals full of water. But the evidence does not show without dispute that the water in the canals, although they were full on September 1st, was sufficient to water appellees' crop and bring it to maturity. On the contrary, there was evidence that justified the jury in reaching, as it did, the opposite conclusion. We will not pause to set this evidence out here, but we make this finding from the evidence in the record. The testimony of the appellee was such as to justify the jury in finding that a contract was made by them with appellant to pump after September 1st, and, further, that their rice crop needed water after that date, so that, instead of the evidence indisputably showing freedom of obligation upon the part of appellant to pump after that date, as appellant contends, the jury was justified in finding that such obligation rested upon appellant, and that this obligation was not discharged.

[1] By a third proposition appellant contends that if there was any obligation on the part of plaintiff to furnish water after September 1st, it was no more than an obligation to use due diligence to furnish fresh water when fresh water was available, and that the prima facie case of due care and diligence made out by plaintiff was not rebutted by any evidence competent or sufficient as rebuttal. If it be conceded that the obligation assumed by appellant to furnish appellees with water after September 1st was only to use due diligence to furnish fresh water when such was available, there was sufficient testimony to raise the issue that by the exercise of such diligence appellant could have supplied a sufficient quantity of fresh water to irrigate and bring plaintiffs' crop on the 150 acres to maturity. True, the evidence introduced by appellant, had the jury given it credence, was sufficient to justify a finding that appellant had discharged its obligation in this regard, but the evidence introduced by the appellees on this issue was sufficient to raise a conflict, and the jury settled the conflict in favor of

appellees, and their finding, in such circumstances, is conclusive upon this court. The assignment is overruled.

[2] The second assignment complains that: "The court erred in refusing to give plaintiff's second special instruction, same being a request for a peremptory instruction as against the defendants on their cross-demand, and to find for plaintiff to the amount of $6 per acre for the number of acres within 219 for which they should find that plaintiff had furnished sufficient water to properly irrigate them."

The court peremptorily instructed the jury to find for appellant in the sum of $6 per acre for each of the 219. This was more favorable to the appellant than the special charge which the court refused to give. The peremptory instruction to find against defendants on their cross-demand was properly refused for the reasons heretofore given.

[3] By the third assignment appellant contends that if it was proper to submit to the jury any issue as to a parol contract, it was error to submit the question of whether such parol contract was made without defining what was necessary in law to constitute a contract, and that the court erred in overruling plaintiff's exceptions to its charge based on this ground. The charge of the court in this regard was correct as far as it went; and, if not satisfied with it, the appellant should have requested more specific instructions. None were asked, and we see nothing in the charge given to induce the belief that the jury was in any way misled by it. Ins. Co. v. Ende, 65 Tex. 124; Railway v. Harmonson, 22 S. W. 764; Railway v. Spencer, 28 Tex. Civ. App. 251, 67 S. W. 196. The assignment cannot be sustained.

[4] It was not error to permit the defendant Staples to testify to a conversation between himself and Charles B. Allaire, the vice president and general manager of appellant in 1912, the object of which was to show a new agreement to that expressed in writing to furnish water after September 1st. The objection to this testimony was that there was no consideration for the new agreement, and that said evidence was intended as a variance of the written contract, and would so operate if admitted and considered. The testimony showed a sufficient consideration for the new agreement, in this: It was shown that, owing to the lateness of the season, the appellees had abandoned the intention of planting the 150 acres in rice, and that Allaire, being informed of this, promised and agreed that if the appellees would plant the 150 acres (it being recognized by the parties that the rice planted at that late date could not mature by September 1st), the appellant would furnish water after that date for a period of 30 days, or for such less length of time as necessary to mature the crop. Acting on this promise and agreement, appellees thereafter plowed and planted the 150 acres in rice, which they would not have done but for the new agreement. It is well settled that a consideration for a contract is valid

in law if either party is to receive a benefit or be injured by it. It need not be mutually beneficial. Bason v. Hughart, 2 Tex. 479; Hendricks v. Snediker, 30 Tex. 306; Willis v. Matthews, 46 Tex. 483; Murphy v. Stell, 43 Tex. 131; Lane v. Scott, 57 Tex. 373.

[5] The new agreement was not less valid and binding between the parties because not in writing. It was made subsequently to the written contract, and proof of it was not made in an attempt to vary the written contract, but to show the making of a new agreement, substituting a date later than September 1st to which appellant was to furnish water. Bradshaw v. Davis, 12 Tex. 354. The assignment is overruled.

[6] The testimony of appellee G. W. Staples, the admission of which is complained of in the fourth assignment, was properly admitted. His testimony as to the probable yield on the 150 acres was based upon the yield on the Miller 50 acres, adjoining the 150 acres in question, and shows that the conditions surrounding the two crops were similar, except in the difference in the time of planting, and the witness, in estimating the yield by this comparison, made allowance for the difference in time of planting.

[7] We think that the witness Mitchell was sufficiently shown to be qualified as an expert to testify as to the probable yield of the 150 acres, and that the admission of his testimony, complained of in the sixth assignment, was not error.

We have carefully considered all other assignments of error presented by appellant, and are of the opinion that no reversible error is pointed out in any of them. We conclude that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.