STEPHENVILLE, N. & S. T. RY. CO. v. BAKER. (No. 5873.)

(Court of Civil Appeals of Texas. Austin. Feb. 20, 1918. Rehearing Denied March 27, 1918.)

1. DAMAGES ⊂⇒174(3)—EVIDENCE—DESTRUCTION OF TREES BY FIRE.

In suit against a railroad for damages from three fires caused by sparks from passing engines, where the growing trees destroyed or injured were fruit and shade trees, the orchard being in the rear of plaintiff's residence, and intended to supply fruit for himself and family, testimony was admissible to show the value of the trees before they were injured, and the extent of their injury.

2. DAMAGES ⊂⇒112—DESTRUCTION OF TREES BY FIRE—MEASURE.

In such suit, the measure of plaintiff's damages was the sum of money necessary to compensate him for being deprived of the trees for the use intended, rather than the difference in the value of the land on which they stood immediately before and immediately after the injury, since the fundamental rule as to the measure of actual damages is the rule of compensation.

Appeal from Hamilton County Court; Joe H. Eidson, Judge.

Suit by C. C. Baker against the Stephenville, North & South Texas Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

E./ B. Perkins and W. B. Hamilton, both of Dallas, and A. R. Eidson, of Hamilton, for appellant. P. M. Rice and Dewey Langford, both of Hamilton, for appellee.

KEY, C. J. This is a suit for damages alleged to have resulted from three fires caused by sparks alleged to have escaped from passing engines upon the defendant's railroad. Verdict and judgment were rendered for the plaintiff, and the defendant has appealed.

The questions involved in the appeal are not difficult. Circumstances beyond our control have increased the volume of this court's business, and therefore no extended opinion will be written in this case. Upon some of the questions presented, we announce our conclusions as follows:

[1,2] 1. It may be true, as contended on behalf of appellant, that as a general rule trees and other things growing upon land constitute part of the realty, and that in general the correct measure of damages for injury or destruction of trees or other growths is the difference between the value of the land immediately before and immediately after the injury. But that is not an inflexible rule necessarily applicable to all conditions and to every case. In fact, the only inflexible rule as to the measure of actual damages is the rule of compensation. In other words, in any case where the plaintiff is entitled to recover damages, the sum of money, and no more, which is necessary to make fair and just compensation for the injury is the correct measure of damages. General rules laid down for particular classes of cases may and should be modified whenever it becomes necessary to do so, in order to afford fair and just compensation.

In Pacific Exp. Co. v. Lasker Real Estate Ass'n, 81 Tex. 83, 16 S. W. 793, our Supreme Court said:

"The purpose in every case is to compensate the owner for the injury received, and the measure of damages which will accomplish this in a given case ought to be adopted."

In Moore v. King, 4 Tex. Civ. App. 397, 23 S. W. 484, this court said:

"It is an axiom of the law that a party injured is entitled to damages commensurate with the injury sustained. The exceptions to this rule exist in those cases of damnum absque injuria, and when a state of facts exists that entitles the injured party to exemplary damages. The damages recoverable must be either the necessary result of the act complained of, or that arise as the natural and probable consequences of the particular act or acts that occasion the harmful results; and, in ascertaining the result of these acts, the purpose of the law is to give exact compensation for those consequences that are traceable as the necessary, natural, or probable fruits of the wrongful act. In applying these principles of law to the given case, the courts should not be bound by an inflexible and unvarying rule as to the measure of damages that should apply alike in all cases, but, keeping in view the just principle of compensation, the measure of damages should

be adjusted to the facts of the particular case, so that the trespasser and tort-feasor will be held responsible, not only for the necessary result, but the natural and probable consequences of his act. Full indemnity for the injury sustained is what the law exacts. Hence it is difficult and unwise to attempt to lay down a rule of damages that should apply alike to all cases of trover or conversion."

See, also, and to the same effect, Railway v. Gorman, 2 Tex. Civ. App. 144, 21 S. W. 158; Railway v. Beeler, 126 Ky. 328, 103 S. W. 300, 11 L. R. A. (N. S.) 930, 128 Am. St. Rep. 291, 15 Ann. Cas. 913; and the note to Bailey v. Chicago, M. & St. P. R. Co., 19 L. R. A. 653.

In this case the trees that were destroyed or injured were fruit and shade trees; the orchard being in the rear of appellee's residence, and intended to supply fruit for himself and family. Such being the case, we hold that the testimony was admissible to show the value of the trees as they stood before they were injured, and the extent of their injury, and that the sum of money necessary to compensate the plaintiff for being deprived of them for the uses intended will come nearer affording actual compensation for the injuries sustained than the opinion of witnesses as to the difference in the value of the land upon which they stood immediately before and immediately after the injury. Therefore the evidence objected to was admissible, and the verdict is not excessive.

2. We hold that, while the plaintiff's petition could have presented the two grounds for recovery more clearly and distinctly than was done, still the facts alleged, with the implications which will be indulged in favor of the pleading as against a general demurrer, were sufficient to justify the court in submitting to the jury the two issues of negligence; one relating to the equipment of the engine, and the other relating to the negligence in permitting combustible material to accumulate upon the right of way.

3. The other questions presented have been considered, and are decided against appellant.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.