### ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. FOLLIS. (No. 148.)

(Court of Civil Appeals of Texas. Waco. Jan. 22, 1925. Rehearing Denied Feb. 19, 1925.)

**1. Damages ⊙⟹217—Charge held erroneous as authorizing double recovery for damages to fruit orchard and pasture.**

In action for damages to plaintiff's fruit orchard, blackberries, and pasture, charge that in assessing damages jury should consider reasonable market value of the grass, orchard, and blackberries, and also the reasonable value of such property to plaintiff, *held* reversible error as authorizing double recovery.

**2. Damages ⊙⟹112—Measure of damages to fruit orchard and pasture, stated.**

Owner of land who sustains damages to his fruit orchard, blackberries, and pasture by reason of their being burned, is entitled to difference in market value of land immediately before and immediately after the injury, or to the value of the property destroyed.

**3. Evidence ⊙⟹535—Witness must qualify as expert before eligible to testify as such.**

Witness must qualify as an expert before eligible to testify as such.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by J. W. Follis against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals; plaintiff assigning cross-error. Reversed.

E. B. Perkins, of Dallas, and Richard Mays, of Corsicana, for appellant.

J. S. Simkins, of Corsicana, for appellee.

BARCUS, J. Appellee sued appellant for damages occasioned by his fruit orchard, blackberries, and pasture being burned in December, 1920. The cause was tried to a jury and submitted on special issues. The court, by questions 5 to 9, inclusive, asked the jury how many fruit trees were killed and what was their total value in money, and how many acres of grass were destroyed and its value per acre in money, and the damage in money to plaintiff's blackberry patch.

[1] In connection with said questions, the court instructed the jury that, in answering same—

"You should take into consideration the reasonable market value of said grass, orchard, and blackberries, that it (is), the amount that said orchard, grass, and blackberries would sell for, for cash or its equivalent, and you may also take into consideration the reasonable value that said orchard, grass, and blackberries would have been to the plaintiff in the manner in which the same were being used by him."

Appellant objected to said special instruction:

"Because it submits two measures of damages, in this: (a) Value of the orchard, etc., to plaintiff, and (b) the market value of said orchard to plaintiff. The evidence showed that said orchard had a market value, as shown by the testimony of Bailey and Howard, and which market value, under the testimony, should have controlled the case, and it is reversible error for the court to submit as a measure of the plaintiff's damage what said orchard was worth to him and his family."

Which exception and objection to the court's charge was overruled, and to which appellant excepted and assigns error. We sustain said assignment.

In the case of Texas & Pacific Ry. Co. v. Graffeo, 53 Tex. Civ. App. 569, 118 S. W. 873, in which writ of error was denied, the court laid down the rule that—

"The true measure of the damage for the destruction of the growing trees and grapevines entirely destroyed was, as submitted by the court, the difference in the value of the land just before and after the burning."

The court, in G. H. & S. A. Ry. Co. v. Warnecke, 43 Tex. Civ. App. 83, 95 S. W. 600, reaffirmed the above rule, but held that if the injured party preferred to sue for the value of the trees destroyed, he was entitled to recover the value of the trees when detached from the land, but could not recover for the value of the trees and the depreciation in value of the land with the trees removed.

In Stephenville, N. & S. T. Ry. Co. v. Baker (Tex. Civ. App.) 203 S. W. 385, the court held that in general the correct measure of damages for the destruction of trees is the difference between the value of the land immediately before and immediately after the injury, but that same was not an inflexible rule, and that the only inflexible rule as to the measure of actual damages is the rule of compensation.

[2] None of the authorities hold that a party can recover for the value of the trees destroyed and the value of the trees to the owner, nor the reasonable market value of the trees destroyed, and in addition thereto the value of the orchard to the owner. Clearly, the charge of the court in this cause authorized the jury to find a double recovery. The charge of the court should have limited appellee's right of recovery to the difference in the market value of the land immediately before and immediately after the injury, or to the value of the property destroyed.

For the error above indicated, the cause is reversed and remanded.

[3] Appellee had filed his cross-assignments of error to the trial court's exclusion of the testimony of the witnesses Holm and Palmer, and asks that in the event the cause is reversed that we pass on same. Appellee offered said parties as expert witnesses to prove the value of the fruit trees that were destroyed. The trial court refused to permit each of said witnesses to testify because, in the opinion of the trial court, said witnesses did not qualify as experts and it was not shown that either of them knew the market value of peach trees such as were involved in this litigation. We do not think the trial court committed error in excluding the testimony of said witnesses. Before a witness can testify as an expert, he must qualify as such.

The judgment of the trial court is reversed.