**SHELL PIPE LINE CORPORATION v. SVRCEK.**

No. 7567.

Court of Civil Appeals of Texas. Austin.
March 18, 1931.

Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., Maynard & Maynard, of Bastrop, and S. M. Watson, of St. Louis, Mo., for appellant.

Robert E. Moss, of La Grange, and Page & Powell, of Bastrop, for appellee.

BLAIR, J.

For the sum of $13.75, the appellant, Shell Pipe Line Corporation, secured a right of way across appellee's 275-acre tract of land on which to construct its pipe line and telephone line, with the additional stipulation that appellant should pay all damages which might arise to crops, timbers, etc., in the exercise of the grant. In constructing the pipe and telephone lines, appellant's agents cut down 26 pecan trees, and appellee instituted this suit for damages, alleging, in substance, that the trees destroyed were a part of a valuable pecan orchard; that he realized a considerable sum of money annually from the trees, and would have continued to so realize money for an indefinite period of time had the trees not been destroyed by appellant; that, by reason of the destruction of the 26 pecan trees, appellee was deprived of their value and the value of the pecans he annually gathered therefrom, to his damage in the sum of $2,650; that the market value of the trees was $2,650; that their intrinsic value was $2,650; and that the difference in the market value of the land immediately before and after the destruction of the 26 pecan trees was $2,650.

Two special issues were submitted to the jury, which with the jury's answers thereto read as follows:

"1. Did the defendant cut down any pecan trees of plaintiff's on the land described in plaintiff's petition? Answer 'Yes' or 'No' as you may find." Answer: "Yes."

"2. If you have answered special issue No. 1 'yes,' then state in terms of dollars and cents what sum of money will fairly and justly compensate plaintiff for the pecuniary damages, if any, suffered by him by reason of his having been deprived of such pecan trees for the uses intended for them by him." Answer: "$1,300.00."

Judgment was accordingly rendered for appellee for $1,300 against appellant; hence this appeal.

By propositions 1 and 2, appellant complains that the court erred in permitting appellee to testify as to what an agent of appellant told him with respect to the amount or nature of the right of way taken, because the contract spoke for itself in that regard. No issue to which this testimony related was submitted to the jury, nor was this testimony considered by the court for any purpose. It was therefore harmless if erroneously admitted.

By proposition 3, appellant complains that the court erred in permitting appellee to testify over objection that he gathered from 1,200 to 3,000 pounds of pecans from the whole orchard, which included the 26 trees destroyed, because the productivity of the whole orchard was not an issue in the case. The testimony was properly admitted under appellee's pleadings as showing the bearing qualities of the trees destroyed, and as showing their productivity and that they were at least valuable. It is true that this testimony may not have established the amount or actual value of the trees destroyed, but it was clearly admissible as a circumstance tending to show their value under the established rule that circumstantial evidence which throws light, however feeble, upon the issue sought to be proved, is admissible as an aid to the jury in reaching a satisfactory conclusion of the issue. The following authorities cited by appellee sustain our above conclusion: Pounds v. Minter (Tex. Com. App.) 13 S.W.(2d) 351; Dudley v. Strain (Tex. Civ. App.) 130 S. W. 778; Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S. W. 100, 101; Erie City Iron Works v. Noble, 58 Tex. Civ. App. 245, 124 S. W. 172; Tuttle v. Moody, 100 Tex. 240, 97 S. W. 1037; Panhandle Grain & Elevator Co. v. Dowlin (Tex. Civ. App.) 247 S. W. 873; Lone Star Canal Co. v. Broussard (Tex. Civ. App.) 176 S. W. 649.

By proposition 4, appellant complains that the court erred in admitting in evidence the testimony of William Keller to the effect that 18 nonbearing pecan trees of the 26 cut down ought to bear pecans within 5, 6, 7, or 8 years, as being a conclusion of the witness. The witness qualified as an expert with respect to age of productivity of pecan trees, and his testimony was admissible. The fact that he testified that he did not know the size to which the trees ought to grow in the future years did not disqualify him as an expert, but rather related to his credibility, which was a matter for the jury. Nor do we sustain the further objection to this testimony on the ground that it failed to throw any light upon the value of the trees at the time they were destroyed, but rather tended to show their probable future value which was not an issue in the case. This contention is contrary to the rule announced in the cases of Dudley v. Strain (Tex. Civ. App.) 130 S. W. 778, and Stephenville Ry. Co. v. Baker (Tex. Civ. App.) 203 S. W. 385. The following from appellee's brief states our conclusions on this question: "The pecan trees had no market value. They were incapable of being bought and sold as standing trees; they were without value as orchard trees when cut down. They were not a one year crop. Their duration was indefinite; ordinarily, they would not reach the peak of their production until they were fifty years old. The destruction of plaintiff's trees deprived him of the probable profits to be derived from them in the future. Accordingly, plaintiff's damages were not to be computed alone upon the probable profits to be derived from his trees during the year in which they were destroyed. In order to arrive at the actual damages suffered by plaintiff it was essential that the future value of the trees should be considered. As was said by Judge Key in Stephenville N. & S. T. Ry. Co. v. Baker, supra, 'The only inflexible rule as to the measure of actual damages is the rule of compensation,' and 'general rules laid down for particular classes of cases may and should be modified whenever it becomes necessary to do so, in order to afford fair and just compensation.' Plaintiff could not be fairly and justly compensated for the loss of his trees unless their future value was considered."

By proposition 5, appellant complains that the court erred in admitting the testimony of witness John Barton, Sr., to the effect that, after he had measured the stumps of the 26 trees which were cut down, and testified to their respective ages, he then estimated that the 26 trees would reasonably produce a thousand pounds of pecans per year, as not being predicated upon sufficient knowledge of witness of the trees in question to give an opinion as to their productivity. We do not sustain the contention. The witness was an expert on pecan culture. He had an orchard of between 800 and 1,000 bearing pecan trees, and had made a specialty of the study of pecan culture, and had been engaged in the pecan business for about 25 years. He examined the stumps of the 26 pecan trees in question, from which he determined their ages. He found that they were evenly distributed over the area so as not to interfere with each other. He examined the soil, and found it suitable and rather excellent for the production of pecans, and saw the other trees in the immediate vicinity of the 26 trees in controversy. Basing his opinion upon these facts and "from my (witness) experience as a pecan culturist and the fact that I have 1,000 pecan trees of my own," witness testified that the 26 trees would reasonably produce 1,000 pounds of pecans per year at the time they were cut down. This testimony was clearly admissible under the rule announced by the following authorities: Ft. Worth & D. C. Ry. Co. v. Firestone (Tex. Civ. App.) 173 S. W. 919; Southwestern Portland Cement Co. v. Kezer (Tex. Civ. App.) 174 S. W. 661; Ft. Worth & D. C. Ry. v. Amason (Tex. Civ. App.) 239 S. W. 359; Chicago, R. I. & G. Ry. v. Longbottom (Tex. Civ. App.) 80 S. W. 542.

Proposition 6 reads as follows: "The proper measure of damages in a suit in contract for damages for the destruction of property is the market value of the property destroyed, if it had a market value, and the damage alleged in such a suit cannot be measured by any other measure, unless it is first proven that said property had no market value."

■ The contention is not sustained. It is true that no witness specifically testified that the 26 pecan trees had no market value, but the case was tried entirely upon the theory that they had no value when considered separate· and apart from the land. It is also a self-evident fact that growing orchard pecan trees have no market value separate and apart from the land, other than for wood or furniture, or for transplanting purposes. The evidence shows that appellee never used or intended to use the 26 trees destroyed by appellant for any purpose except as growing pecan producing trees. From these ·facts and circumstances the pecan trees had no market value, and the cause was properly submitted to the jury as to their intrinsic value; that is, the value of the trees for the use intended for them by appellee. H. & T. C. R. R. v. Tisdale (Tex. Civ. App.) 109 S. W. 413; M., K. & T. R. R. v. Crews, 54 Tex. Civ. App. 548, 120 S. W. 1110; G., C. & S. F. R. R. v. Matthews, 3 Tex. Civ. App. 493, 23 S. W. 90; S. A. & A. P. R. R. v. Stone (Tex. Civ. App.) 60 S. W. 461; G., H. & S. A. R. R. v. Brune (Tex. Civ. App.) 181 S. W. 547; S. A., U. & G. R. Co. v. Ernst (Tex. Civ. App.) 210 S. W. 603; G., H. & S. A. R. R. v. Harris (Tex. Civ. App.) 216 S. W. 430; Bellamy v. Haag (Tex. Civ. App.) 20 S.W.(2d) 847; Stephenville R. Co. v. Baker (Tex. Civ. App.) 203 S. W. 385; Pickering Lumber Co. v. Childress (Tex. Civ. App.) 206 S. W. 573; Ft. Worth & D. C. Ry. v. Amason (Tex. Civ. App.) 239 S. W. 359.

We are also of the opinion in this connection that special issue No. 2 correctly instructed the jury as to the measure of damages under the pleadings and evidence adduced; that is, the sum in dollars and cents which would "fairly and justly compensate plaintiff for the pecuniary damages * * * suffered * * * by reason of being deprived of such pecan trees for the uses intended for them by him." The only use of the .trees intended by appellee under the undisputed testimony was to gather and sell the annual pecan crop.

■ We also overrule appellant's seventh and remaining proposition that the court erred in refusing to instruct a verdict for it on the insufficiency of the evidence as to damages. The 26 trees were destroyed by appellant. They were bearing pecan trees. He had gathered and sold pecans from thém, which were worth from 10 to 18 cents per pound. Two of the trees cut down had been grafted. The land was particularly adapted to the growth of pecans. The productivity of the pecan trees would continue for many years. The 26 .trees were estimated by a pecan culturist to produce 1,000 pounds per year, and that they would reach their peak of production at about 50 years of age. This evidence fully sustains the judgment for $1,- 300.

The judgment of the trial court will be affirmed.

Affirmed.