## CEMENT GUN CO. v. BROOKS et al.
### No. 4039.

Court of Civil Appeals of Texas. El Paso.
April 10, 1941.

Rehearing Denied May 8, 1941.

Second Motion for Rehearing Dismissed June 12, 1941.

Kent & Brown, of Harlingen, for appellant.

F. W. Moran, of Harlingen, for appellees.

SUTTON, Commissioner.

This is an appeal from the County Court of Willacy County. G. C. Brooks, joined by her husband, Joe Brooks, Wilma Crain, a feme sole, and T. W. Crain and his wife, Mrs. T. W. Crain, sued the defendant, Cement Gun Company, a corporation, to recover damages alleged to have been sustained by the plaintiffs to a certain rose garden owned and operated by them. The case was tried to a jury and on the verdict of the jury the court rendered judgment for the plaintiffs in the sum of $180 and costs. From that judgment defendant has perfected this appeal.

The parties will be designated here as in the trial court.

The plaintiffs in their petition alleged in substance that they were the owners and operators of a florist shop in the town of Raymondville, Texas, and on a small tract of land leased by them produced roses which they sold through their shop to the general public. They alleged that prior to July 15, 1939, their lessors had conveyed a strip of land fifty feet wide across the tract upon which the rose garden was maintained to the Willacy County Water Control & Improvement District Number One as an easement for the construction of a canal thereon; that the Water District contracted with the defendant for the construction and cementing of such canal; that in doing so it drove its trucks on and across the premises operated by plaintiffs and backed its trucks over their rose garden and turned around on it, and as a result of defendant's negli-

gence in so doing it destroyed a large number of rose bushes on the lands under plaintiffs' control and not a part of said right-of-way; that defendant negligently mixed concrete, tar, sulphur and other materials used by it in the construction of the canal; all of which resulted in damage to plaintiffs in the amount of $800.

The defendant answered by a general demurrer, a general denial, a special denial, and a special answer to the effect that it was protected under the provisions of the right-of-way deed executed by plaintiffs' lessors to the Water District.

The defendant has seven assignments of error and five propositions of law asserted thereunder.

■ The first assignment and proposition are to the effect that the court erred in overruling defendant's motion to instruct a verdict in its favor because the findings showed there was no negligence committed by the defendant. We think this assignment and proposition cannot be sustained, and that the evidence was sufficient to establish negligence, if the jury believed the testimony, and it did, and so found.

The second assignment and proposition thereunder assert that the defendant is protected under the provisions of the right-of-way deed. The right-of-way deed contained these recitations: That the grantors "for and in consideration of the sum of $300.00 in hand paid by Willacy County Water Control & Improvement District Number One, which such amount includes the sum of $145.00 in payment of the land covered by the conveyance herein, and $155.00 which covers and includes payment for all items of damages which may be occasioned to grantor's lands by reason of the construction of the irrigation ditch of the grantee District across the hereinafter described lands."

The deed further provided that the District should have "free ingress, egress and regress to and for said Willacy County Control & Improvement District Number One by and through its agents, servants and representatives, and its successors and assigns, as by it or them may be necessary or convenient at all times and seasons forever in, along, across, upon and out of said way to accomplish the purposes above set forth."

■ The contention of the defendant is that the damages claimed by the plaintiffs were covered by the provisions above quoted from the deed and the damages compensated therefor.

To this we cannot agree. The consideration paid for that deed was divided into two parts, the $145 constituted the compensation for the ground actually taken; the $155 recited to cover the damages occasioned to the land, as we construe it, was to cover damages occasioned by the construction and presence of the canal across the small premises owned by the grantors, and not damages sustained by them or their successors and assigns by reason of any unreasonable or negligent use and exercise of the privileges granted therein.

■ Other assignments and propositions challenge the action of the court in submitting the issues to the jury and his failure to define "negligence," "proximate cause," and to submit an issue on "proximate cause." We think these assignments are well taken, because the court's charge did not undertake to define the term "negligence" nor "proximate cause," nor did he submit any issue on "proximate cause." The plaintiffs pleaded a case of negligence and undertook by their proof to establish negligence. Under these circumstances it is essential that the court instruct the jury as to the meaning of negligence and proximate cause, and must require them to find from a preponderance of the evidence, in the event they find the defendant guilty of negligence, that such negligence was the proximate cause of the injury sustained.

The defendant also complains of the charge of the court in submitting the measure of damages.

We are of the opinion the court likewise failed to submit a proper measure of damages, but we are unable to agree with the defendant in its contention as to what a proper measure is.

■ The plaintiffs alleged, and the testimony shows, they operated the rose garden for the sole purpose of producing roses to be sold through their floral shop in Raymondville, and that aside from that it had no actual or market value. Certainly the roses when destroyed or severed from the ground had no value as contended for by the defendant. The only value they had to the plaintiffs in this case was in the production of rose blossoms for commercial purposes. We think the measure of damages applicable to this case is that found in the case of Shell Pipe Line Corporation v. Svrcek, Tex.Civ.App., 37 S.W.2d 297: Such sum of money as would fairly and

justly compensate plaintiffs for the pecuniary damages suffered by reason of being deprived of such rose bushes for the use intended for them by them, less the cost of producing and marketing the same.

See, also, Stephenville, N. & S. T. Ry. Co. v. Baker, Tex.Civ.App., 203 S.W. 385, and cases cited.

For the errors committed the case will be reversed and remanded for a new trial, and it is so ordered.