* MISSOURI PACIFIC R'Y CO. v. E. BREEDING.

(No. 6425.)

APPEAL from Milam County.   Opinion by WHITE, P. J.

W. T. HEFFLEY and D. D. WALLACE, counsel for appellant.

No counsel appeared for appellee.

§ **154.** *Common carriers; negligently breaking machinery in transit; measure of damages for; special damages not alleged cannot be proved; negligence never presumed; burden of proof of, etc.* This suit was brought by appellee September 5, 1887, against appellant, to recover damages in the sum of $350 and interest, alleged to have been

done to a newspaper folding machine, shipped from Erie, Pennsylvania, about October 4, 1886, to appellee, in Rockdale, Texas, over the Empire Fast Freight Line and connecting lines of road, appellant being the last connecting line and the carrier who delivered the machine in a broken and damaged condition. The machine is alleged to be worth $600, and that it was broken by the negligence of defendant or some connecting line of railroad while in transit; but the particulars or the extent of the breakage are not stated. Appellant answered by general and special exceptions and general denial. The case was tried before a jury, who returned a verdict October 3, 1888, against appellant, for $137.50, with legal interest from date of filing petition. Appellant filed motion for a new trial, which was overruled, notice of appeal given and *supersedeas* bond filed, and case brought up by appeal for correction.

Appellant's first assignment of error: The court erred in overruling defendant's special demurrer and exceptions to plaintiff's original petition. First proposition under first assignment of error: Special damages, when claimed, must be alleged, and the allegation should be sufficiently certain to inform the defendant of the nature of the issue to be met, and to give notice of the items or particulars of such special damages. The special demurrer or exceptions should have been sustained, and it was error to allow the plaintiff to testify to special items of damage, there being no allegations indicating such special damages. [2 Civil Cas. Ct. App., §§ 632, 633; 3 Civil Cas. Ct. App., § 270.] The court erred in giving the special charge asked by the plaintiff as to the measure of damages. The measure of damages in this case was the difference between the value of the machine at the place of delivery at the time and in the condition in which it ought to have arrived and its value at the time and in the condition in which it was delivered. The instruction authorized the jury to find, in addition to such difference,

the amount the plaintiff may have expended in repairing said machine. It was also error to refuse defendant's special instruction as follows: "Unless it appears from the evidence that the machine claimed to have been injured was delivered to the defendant company or some connecting line of railroad in condition other than it was in when delivered at Rockdale, you may presume that the defendant did its duty and delivered the machine in the condition it was in when received." Negligence or a failure to perform a duty required by law is never presumed as a fact, but must be proved by evidence; and the burden of proving it is on the party seeking a recovery of damages by reason of such negligence or failure of duty. The machine was second-hand, and plaintiff introduced no evidence showing that it was in good condition or what was its condition when received by the company for shipment. The verdict and judgment are not supported by the evidence and are excessive. There was no evidence to show that the machine was injured while in possession or custody of defendant or any connecting line of road. Plaintiff testified that the machine was permanently injured and unsalable in its present condition, but at the time he testified he had been using it for two years, with only $37.50 paid for repairs. It does not appear that the machine was worthless or unsalable when it was received in 1886.

June 25, 1890.                    Reversed and remanded.