## TEXAS CENTRAL RAILROAD COMPANY v. MRS. S. J. BARR ET AL.

### Decided November 17, 1910.

**1.—Carrier—Connecting Lines—Presumption.**

To support a presumption against the delivering carrier of liability for damage to goods brought to it over connecting lines, it is necessary to prove their delivery to the first carrier in good order.

2.—Same—Case Stated.

Goods were shipped from Texas to Port Arthur, Canada. Afterwards the shipper ordered them reshipped from that destination to Texas, where they were found to be damaged when delivered by the terminal carrier. Held that the two shipments were distinct; no presumption was raised against the delivering carrier in the second transaction by proof that they were delivered in good order to the initial carrier in the first.

Appeal from the County Court of Erath County. Tried below before Hon. J. B. Keith.

*Martin & George,* for appellant, cited: M., K. & T. Ry. Co. v. Wood, 26 Texas Civ. App., 500; Railway Co. v. Creath, 3 App. C. C. (Willson), 109.

*Chandler & Pannill,* for appellees, cited: Martin, Wise & Fitzhugh v. Railway Co., 3 Texas Civ. App., 556; Railway Co. v. Barnhart, 5 Texas Civ. App., 60; Texas & P. Ry. Co. v. Adams, 78 Texas, 372.

LEVY, ASSOCIATE JUSTICE.—Because of the insufficiency of the evidence to support the judgment, as complained of, by appellant, it must be reversed and remanded. In order to hold the appellant, which was not the initial but the final carrier, liable for the damages sued for the appellee relies on the rule of evidence that where freight transported by successive carriers has been damaged subsequent to its shipment, and the evidence fails to show on what particular line the injury occurred, there exists a presumption of fact that it was through the fault of the last carrier, and that this will be sufficient to establish a *prima facie* liability. But in order to create the presumption, and in order that it may exist in the particular case, it is first necessary to prove that the particular freight was at the time of its delivery to the initial carrier for shipment in good order and condition. Missouri Pac. Ry. Co. v. Breeding, 16 S. W., 184; 3 Hutchinson on Car., 1348. And the burden of this proof is upon the shipper. In the instant case it is true there was proof that at the time of the first contract of shipment from Fort Worth, Texas, to Port Arthur in the Dominion of Canada, the freight was in good condition at the time it was delivered and received by the contracting carrier for shipment. But there is no proof in this record that the freight was in good order and condition, or any proof of its condition, at the time of the contract of shipment to Dublin, Texas. The petition is capable of no other construction, we think, than that liability is founded against appellant on the transportation of the freight to Dublin, Texas. The petition expressly alleges, "About the 20th of September, 1906, the said M. Barr contracted with defendants, the St. Louis & San Francisco Railway Company and the Fort Worth & Rio Grande Railway Company, to transport and return said shipment of goods to him at Dublin, in Erath County, Texas." It could not be said in the record that the first contract of shipment from Fort Worth, Texas, to Port Arthur, Canada, and the alleged subsequent contract of

reshipment to Dublin, Texas, which were different in point of time and transportation, were one and the same and merely a continuous shipment. As to appellant the two shipments were clearly different, and it had no concern over its line of road with the first shipment. And it must be said, we think, that upon this return shipment alone must rest the liability, if any, against appellant. Therefore proof of the condition of the goods at the time of delivery to the carrier on the first contract is not sufficient to predicate the presumption under discussion on the contract of reshipment. And for the failure of the evidence mentioned the judgment against appellant is not supported. The judgment against the other two railways not being appealed from, it is not here in any way disturbed as to them, but is reversed and remanded as to appellant.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.