MISSOURI, K. & T. RY. CO. OF TEXAS v. WESTERN AUTOMATIC MUSIC CO.

(Court of Civil Appeals of Texas. Dallas. Nov. 22, 1913. Rehearing Denied Dec. 13, 1913.)

1. TRIAL (§ 228*)—INJURY TO FREIGHT—ACTIONS FOR DAMAGES—INSTRUCTIONS.

The court instructed, in an action for damages to a piano in shipment, that if the piano, while in the possession of the railroad company, was injured by defendant, and the injury was directly and approximately the result of the negligence of its servants, the jury should find for plaintiff the difference in the cash market value of the piano in the condition in which it was delivered to defendant, if they found the same was in good condition, and "said piano should have arrived in at Dallas, the difference in" the cash market value of said piano in the condition in which it did arrive at Dallas. Held, that the instruction was not erroneous or misleading because of the quoted part; that being merely senseless and surplusage.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 509–512, 526; Dec. Dig. § 228.*]

2. CARRIERS (§ 132*)—INJURY TO FREIGHT—PRESUMPTION OF CONDITION—REBUTTAL.

There is no presumption that property when delivered to a carrier for shipment was in the same condition as when delivered to the consignee, where there was evidence that it was in good condition when delivered to the railroad company and was damaged when delivered to the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. § 132.*]

3. CARRIERS (§ 134*)—FREIGHT—ACTION FOR DAMAGES—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for damage to a piano while being shipped on defendant's railroad, held to sustain a finding of ownership of the piano in plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607; Dec. Dig. § 134.*]

Appeal fom Dallas County Court; W. F. Whitehurst, Judge.

Action by the Western Automatic Music Company against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex. S. Coke and Lawther & Pope, all of Dallas, for appellant. Wilson & Williamson, of Dallas, for appellee.

RASBURY, J. Appellee sued appellant for $500 for damages alleged to have been inflicted upon an automatic musical instrument known as a violin pianola while being transported by appellant from San Antonio to Dallas in this state, and upon trial before jury recovered verdict followed by judgment for $225, from which this appeal is taken. The verdict and judgment are sustained by the evidence, and for that reason we shall not set out any portion of the evidence, except under the third assignment of error.

[1] The first assignment of error complains of the court's charge defining the measure of appellee's damage. The portion complained of is as follows: "If you find from the evidence that said piano, while in transit in the possession of the defendant, its agents and employés, was broken and injured by the said defendant, and you find that said injury to said instrument was directly and approximately the result of negligence of the defendant, its agents or servants, then you will find for the plaintiff against the defendant, the difference in the cash market value of said piano in the condition said piano was delivered to the said defendant at San Antonio, Tex., if you find same was in good condition and (said piano should have arrived in at Dallas, the difference in) the cash market value of said piano in the condition in which it did arrive at Dallas, Texas." It will be observed that certain words in the charge are parenthesized. This arrangement is ours. In the charge the words were not so separated, but were an uninterrupted and continuous part of the charge. Our purpose in separating the words as we have is to show that but for such words the charge, in substance at least, understandingly and correctly presents the measure of damages, i. e., the difference in the cash market value of the pianola at the time and in the condi-

tion in which it was delivered to the appellant and its cash market value at the time and in the condition it should have been delivered to the appellee. While we do not approve that portion of the charge that states that the pianola should be in the same condition when delivered to appellee at Dallas that it was in when delivered to appellant at San Antonio, for the reason that it incorporates into the charge much surplusage, yet it cannot be said that the same is in any sense erroneous, since appellee was in fact bound to prove the condition of the pianola when delivered to appellant at San Antonio before it was entitled to recover any sum at all for a failure of appellant to deliver at Dallas in like condition. Nor do we think the words which we have parenthesized confused or misled the jury in consideration of the case. They are meaningless and can in no sense be made to harmonize with the balance of the charge, and hence without force or persuasion. They neither limit nor enlarge the rule stated in the balance of the charge and have no application or relation thereto. They stand alone, are valueless, and import nothing. Further, it may be said that the verdict conclusively shows that the jury were in no sense misled thereby. Appellee sued for $500, and the testimony would have sustained a verdict for such an amount. The jury, however, only allowed $225.

[2] The second assignment of error complains of the refusal of the court to read to the jury the following special charge: "You are instructed that, unless the piano is shown to have been delivered to the defendant railroad in a different condition, it will be presumed as a matter of law that it was in the same condition as when delivered to plaintiff." This charge was approved in the exact form in which it was submitted in Missouri Pacific Ry. Co. v. Breeding, 16 S. W. 184 (Court of Appeals, Civil Cases); the court holding it should have been read to the jury for the reason that negligence or a failure to perform a duty required by law is never presumed as a fact, but must be established by evidence, and that in the case just cited there was no evidence to support the charge of negligence. From a reading of the case it will be seen that the appellate court on the issue of negligence would probably have sustained an instructed verdict. The rule announced by the requested charge is also inferentially approved in G., C. & S. F. Ry. Co. v. Holder, 10 Tex. Civ. App. 223, 30 S. W. 383. In that case this court, as applied to carriers receiving property for transportation inclosed in boxes, bales, packages, etc., not open to inspection when received by the carrier, held that the presumption was that such shipments reached destination in the same condition in which they were delivered to the carrier, and that it devolved upon the plaintiff to rebut such presumption by proof that the injury in fact resulted after the shipment was delivered to the carrier. In the case at bar, however there was ample testimony that the pianola was in good condition when delivered to the appellant at San Antonio, and in a damaged condition when delivered to appellee in Dallas. Thus, the presumption here urged was rebutted, and the rule stated in Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963, and in Missouri, Kansas & Texas Ry. Co. v. Baker, 58 S. W. 964, applies. In Stooksbury's Case, as bearing upon the right of appellant to have read to the jury the charge under discussion, it is said in substance that, when a fact to be presumed is controverted by direct testimony, the jury may indulge or reject the presumption as the entire evidence may justify, but in all cases, if there be a conflict in the testimony, must be left to their determination under appropriate instructions by the trial judge. Hence while it may be said that the requested charge is correct as far as it goes, it does not go far enough. The jury could have been told of the presumption that was to be indulged in the absence of any evidence, but, when evidence rebutting the presumption was offered, the rule we have just stated should have been applied in order that the jury could have determined if the evidence did in fact rebut the presumption.

[3] The third assignment of error asserts that the testimony is insufficient to establish ownership in appellee of the pianola. We conclude the evidence is sufficient. Appellee instructed Ripps, at San Antonio, to pack and ship the instrument to Dallas. For some reason Ripps consigned the shipment to himself, probably in order to insure the collection of packing and transfer charges, but in the bill of lading was the request that the appellee be notified. Appellant itself delivered the car to appellee, and it was unpacked in appellee's office in the presence of appellant's claim agent for the purpose of ascertaining the extent of the injury done the car. Ripps says he shipped it to Dallas at request of appellee. Whittle, a former agent at Dallas for the Wurlitzer Company, which manufactured the pianola, testified that the instrument was shipped by said company to him and arrived at Dallas about April, 1911, from whence it was shipped by him to San Antonio, where it remained until August, when it was returned to Dallas in the manner we have detailed and delivered to appellee, of whom the witness in the meantime had become manager. In the absence of any direct attack upon appellee's ownership of the instrument and consequent right to sue, we are of opinion that the facts and circumstances detailed are sufficient to sustain the verdict on the issue of such ownership.

The judgment is affirmed.