GALVESTON, H. & S. A. RY. CO. v. BRUNE.
(No. 5521.)

(Court of Civil Appeals of Texas. Austin.
Nov. 3, 1915. Rehearing Denied
Dec. 22, 1915.)

1. APPEAL AND ERROR ☞263—RESERVATION
OF GROUNDS OF REVIEW—NECESSITY OF EX-
CEPTIONS.

Under Acts 33d Leg. c. 59, providing that
the charge shall be submitted to the parties or
their attorneys and a reasonable time given
them to present objections, which objections
shall in every instance be presented to the court
before the charge is read to the jury, and that
all objections not so made and presented shall
be considered as waived, that either party may
present in writing such instructions as he de-
sires to be given, and that the ruling of the
court in the giving, refusing, or qualifying of in-
structions shall be regarded as approved unless
excepted to as provided, the giving and refusal
of instructions will not be reviewed where no
exceptions were taken to the court's action.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1516–1523, 1525–1532;
Dec. Dig. ☞263.]

2. APPEAL AND ERROR ☞742—BRIEFS—AS-
SIGNMENTS OF ERROR—STATEMENTS.

Rule 31 of the Courts of Civil Appeals (142
S. W. xiii) provides that to each proposition
under each assignment of error there shall be
subjoined a brief statement, in substance, of
such proceedings or part thereof contained in
the record as will be necessary and sufficient to
explain and support the proposition, with a ref-
erence to the pages of the record. In an action
for the value of cordwood and grass claimed to
have been destroyed by fire set out by a rail-
road locomotive, the statement under an assign-
ment complaining of the admission of evidence
as to a fire started by a different locomotive go-
ing in the opposite direction, showed that it ap-
peared from the evidence that the engines were
different, and the assignment of error referred
to the page of the record where the bill of ex-
ceptions might be found and set out the bill in
full. Held, that the failure to again set out the
bill of exceptions in the statement did not pre-
vent a consideration of the assignment of error.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

3. RAILROADS ☞481—FIRES—EVIDENCE—
SIMILAR FACTS AND TRANSACTIONS.

In an action against a railroad company
for the value of wood and grass destroyed by
fire, where the evidence showed that all of de-
fendant's engines were equipped with the same
kind of spark arresters, and defendant's witness-
es testified that the arresters were standard ar-
resters in general use and of the latest improved
pattern, and that the engine could not possibly
throw sparks through such arrester, evidence as
to a fire started by sparks from an engine other
than that claimed to have started the fire which
destroyed plaintiff's property was admissible
as contradicting the testimony that sparks could
not be thrown through the arrester used.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1717–1729; Dec. Dig. ☞481.]

4. RAILROADS ☞481—FIRES—EVIDENCE—
SIMILAR FACTS AND TRANSACTIONS.

Where the evidence showed that both en-
gines were operated by the same crew, and that
the two fires were started on the same day, such
testimony was also admissible to show that
though the spark arrester may have been of the
most improved pattern, the engine was negli-
gently operated, and that though there may have
been no negligence in its operation, the company

was negligent in allowing combustible material
to collect and remain on the track.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1717–1729; Dec. Dig. ☞481.]

5. RAILROADS ☞481—FIRES—EVIDENCE—
SIMILAR FACTS AND TRANSACTIONS.

Where there was a hill at the place where
such other fire was started and a witness for
defendant testified that when engines exhausted
heavily they threw more sparks, but that they
threw them so high they would go out before
they hit the ground, and it appeared that the en-
gine was pulling upgrade at the place where
plaintiff's property was destroyed, evidence as
to such other fire was admissible as tending
to contradict the testimony that the sparks
would go out before they reached the ground.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1717–1729; Dec. Dig. ☞481.]

6. EVIDENCE ☞501—OPINION EVIDENCE—
FACTS FORMING BASIS OF OPINION.

In an action for damages caused by a fire
claimed to have been started by sparks from a
railroad engine, plaintiff testified that near the
railroad right of way the fire had entirely burn-
ed out when he examined it, that as he went
north away from the right of way he found limbs
which had not entirely burned up, and that the
further north he went the more fire he found.
Held, that these facts were sufficient as a basis
for an opinion by him that the fire was burning
north from the railroad track and not towards
the track.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 2292–2305; Dec. Dig. ☞501.]

7. EVIDENCE ☞501—OPINION EVIDENCE—
OPINIONS OF NONEXPERTS.

A witness, though he be not an expert, may
give his opinion when he also states the facts
upon which his opinion is based.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 2292–2305; Dec. Dig. ☞501.]

8. APPEAL AND ERROR ☞1051—HARMLESS
ERROR—ADMISSION OF EVIDENCE.

In an action against a railroad company
for the value of wood and grass destroyed by
fire, it appeared that the wood was partly on
the right of way and partly on a pasture north
of the right of way, and it was defendant's con-
tention that the fire destroying the wood and
grass came from a fire kindled by plaintiff's sons
in a pasture still further north. Plaintiff was
permitted to express his opinion that the fire
was burning north from the railroad right of
way and not towards the right of way. Held,
that the admission of this testimony was not
material error even though it was not admissi-
ble where the other evidence showed conclusive-
ly that the fire was not communicated to the
wood or grass from the other pasture.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ☞
1051.]

9. DAMAGES ☞159—FIRES—PLEADING—EVI-
DENCE.

Where, in an action for the value of grass
destroyed by fire started by sparks from a rail-
road engine, plaintiff did not allege the market
value of the grass, but alleged that it was worth
50 cents an acre to him for grazing purposes, he
was not required to prove its market value, and
evidence as to its value to him for grazing pur-
poses was admissible, especially as it was not
probable that the grass had a market value.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 429–438, 440–444, 447, 449–453;
Dec. Dig. ☞159.]

10. EVIDENCE ☞113—MARKET VALUE—MAN-
NER OF PROVING.

In an action against a railroad company
for the value of cordwood destroyed by fire while

stacked on the ground, evidence that plaintiff had been selling wood delivered in cars at that place at from $2 to $2.50 a cord, that the cost of delivering the wood from where it was stacked into the cars was 10 cents a cord, and that wood was never sold there except delivered in the cars, was admissible to prove the market value of the wood when stacked on the ground, as it showed that its market value was the value when delivered in the cars less the cost of delivering.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. ⊜⟶113.]

11. APPEAL AND ERROR ⊜⟶1060 — DAMAGES ⊜⟶138 — EXCESSIVENESS — DESTRUCTION OF PROPERTY BY FIRE—ARGUMENT OF COUNSEL.

In an action for the value of wood and grass destroyed by fire, plaintiff testified that the grass was worth 50 cents an acre to him for grazing purposes, that he had been selling wood delivered in the cars at from $2 to $2.50 a cord, and that the cost of delivering it into the cars was 10 cents a cord. *Held*, that where the value of the grass at 50 cents an acre and the value of the wood at $1.90 a cord, with interest, was less than the verdict, the verdict was not excessive, and remarks of plaintiff's counsel in his closing speech which could not have been prejudicial except by inducing an excessive verdict were not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. ⊜⟶1060; Damages, Cent. Dig. §§ 397, 398; Dec. Dig. ⊜⟶138.]

Error from Colorado County Court; J. J. Mansfield, Judge.

Action by H. Brune against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Townsend, Quin & Townsend, of Columbus, for plaintiff in error. Grobe & Miller, of Columbus, for defendant in error.

JENKINS, J. This was a suit for damages for the destruction of certain cordwood and grass by fire, alleged to have been caused by the negligence of plaintiff in error. The alleged negligence was insufficient equipment as to spark arresters, negligent operation of the engine, and permitting grass and weeds and other combustible material to accumulate on the track. There was a judgment for defendant in error, from which plaintiff in error prosecutes a writ of error herein.

[1] Defendant in error objects to the consideration of plaintiff in error's first six assignments of error, for the reason that they and each of them relate to the giving and refusing of charges by the court, to which action of the court no exceptions were taken. We sustain defendant in error's objections in this regard. The act of the 33d Legislature (page 113), requiring parties to except to the action of the court in giving or refusing charges, has been so often construed by this and other courts that we deem it unnecessary to further discuss that act or to cite authorities.

[2] Defendant in error objects to the consideration of the seventh and a number of the other assignments of error, for the reason that no statement is subjoined to the propositions under such assignments as required by rule 31 of the Courts of Civil Appeals (142 S. W. xiii). It is true that the statement does not set out any bill of exceptions under the assignments referred to. The following is a sample of the manner in which such assignments have been briefed:

"Seventh Assignment of Error (Rec. 14, p. 31). The court erred in refusing to grant defendant below a new trial on the ground set out in its amended motion for a new trial in paragraph 14 thereof (Rec. p. 31) and as shown by bill of exception No. 11 (Trans. p. 55), which is as follows: 'Because the court erred in permitting the witness Ben Werland, over the objection of defendant, to testify that on March 29, 1909, he had some wood burned near Lorine Gravel Pit Spur, some six miles distant, by the La Grange branch train going to Glidden. Objection was urged to this testimony because the undisputed evidence shows that engine No. 622 (it being an entirely different engine from 204, the one alleged to have set out the fire which destroyed plaintiff's wood) was the one witness identified as setting out the fire at Lorine. Therefore any evidence of other fires set out by other engines is inadmissible for any purpose. Where the engine which is alleged to have set out the fire which destroyed plaintiff's wood is identified, proof of other fires set out by other engines is incompetent and calculated to mislead the jury into believing that because other engines at other places and at other times set out fire that probably the alleged engine likewise set out the alleged fire.' "

This assignment is submitted as a proposition. The statement of plaintiff in error shows, by proper reference to the record, that the issue was as to fire set out by an engine going in the direction of La Grange, which plaintiff's evidence identified as engine No. 204; and further that the testimony of the witness Werland referred to an engine coming from La Grange, which plaintiff in error's witnesses identified as engine No. 622. As will be seen, the assignment of error refers to the page of the record where defendant's bill of exception may be found, and sets out the same in full. We think it would be rather too technical to hold that an assignment of this character should not be considered because appellant failed to again set out his bill of exceptions in his statement. The court is fully informed by the matters in the brief as to the contents of the bill of exception without the necessity of reading the record, and the page of the record is given where such bill of exception can be found. We cannot see that any good purpose would be subserved by again setting out the bill of exception in the statement.

[3–5] We do not think the court erred in admitting the testimony complained of in the above assignment, for the reason that the testimony showed that there were but two engines on appellant's road, operating between La Grange and Glidden; that these trains were operated by the same crew, the

one going and the other returning, and that the fire occurred on the same day. Plaintiff in error's witness Duncan testified that it was his duty to inspect all engines when they came in, and that he did so and found them all in good repair, with proper spark arresters. This testimony included engine 622, as well as engine 204. We quote from this witness' testimony as follows:

"Stevens' latest improved No. 4 mesh spark arrester was in engine 204. This was the character of spark arresters in general use by railroads in Texas at that time on this and other roads."

With reference to his inspection, he said:

"This is the way, I simply passed by and cocked my eye on engine 204, and told what condition it was in, and from that I am telling this jury that it was all right. I did not say that engine, I said all of them."

Andrew Kelley, witness for plaintiff in error, testified as follows:

"The spark arresters that was in that engine, that is the kind you have in your hand. It is standard over this road. * * * That spark arrester is a modern, up to date spark arrester. It is in general use with the S. P. and S. A. & A. P. * * * It is a fact that I have testified that all our engines are equipped with that netting."

W. S. Frazier, witness for plaintiff in error, testified:

"That engine could not possibly have thrown any fire with that netting and safety appliances. I never saw them do it."

Where the evidence shows that all of defendant's engines were similarly equipped, it is not error to permit testimony that other engines threw sparks and caused other fires. Such evidence is admissible as contradicting the testimony that sparks could not be thrown through the spark arrester used. Such testimony is also admissible for the purpose of showing that though the spark arrester may have been of the most improved pattern, the engine was negligently operated. This is especially true where the evidence shows that both of the engines were operated by the same crew on the same day; and such testimony is admissible also as tending to show that, though the spark arresters on each of the engines may have been all that was required, and there may have been no negligence in the operation, still there may have been negligence on the part of the company in allowing combustible material to collect and remain on the track. The trains referred to were using coal as fuel, and it is well known that some sparks will be thrown when using such fuel, regardless of the condition of the spark arrester, or the operation of the train. Such testimony was admissible for another reason. It was shown that this train where the wood was burned was pulling upgrade, and that in such cases there will be more sparks than otherwise. Plaintiff in error's witness Duncan testified that when engines exhaust heavily they throw more sparks, but that they throw them so high they will go out before they hit the ground. The witness Werland's testimony

shows that there was a hill where his wood was burned, and the fact that his wood was burned at said place tends to contradict the testimony of the witness Duncan, above referred to, to the effect that the sparks would go out before they reached the ground. Railway Co. v. Benjamin, 161 S. W. 380; Railway Co. v. Wooldridge, 126 S. W. 603; Railway Co. v. Qualls, 124 S. W. 141; Railway Co. v. Owen, 128 S. W. 1141; Railway Co. v. Donaldson, 73 Tex. 124, 11 S. W. 164; Freeman v. Nathan, 149 S. W. 258.

"'We think that when the question at issue is whether, as a matter of fact, the fire was caused by any locomotive, other fires caused by defendant's locomotives at about the same time and in the same vicinity may be given in evidence for the purpose of showing the capacity of locomotive engines to set fires by the emission of sparks or the escape of coals. It is admissible as "tending to prove the possibility, and a consequent probability, that some locomotive caused the fire"—language from Railway v. Richardson, 91 U. S. 454, 23 L. Ed. 356, which has often been cited with approval. To show a possibility is the first logical step. That other engines of the same company, under the same general management, passing over the same track at the same grade, at about the same time and surrounded by the same physical conditions, have scattered sparks or dropped coals, so as to cause fires, appeals legitimately to the mind as showing that it was possible for the engine in question to do likewise. The testimony is illustrative of the character of a locomotive, as such, with respect to the emission of sparks or the dropping of coals. If the possibility be proved, other facts and circumstances may lead to a probability, and then to satisfactory proof.'

"It has also been held that testimony of the character in question is admissible for the consideration of the jury in determining whether or not the railroad was guilty of negligence in not cutting down and removing the grass and weeds from its right of way. T. & P. Ry. Co. v. Wooldridge, supra; T. & P. v. Rutherford, 61 S. W. 422."

[6-8] Appellant's eighth assignment of error complains of the action of the court in permitting appellee to testify that he could tell how the fire was burning, that is, that it was burning from the railroad track north, and not from north to the south. The evidence shows that defendant in error had a pasture of about 75 acres on the north side of the road, which at that place was running east and west, and that his wood was stacked, part of it on the north side of the road on the right of way, and part of it just inside his pasture. The evidence further showed that defendant in error had another pasture lying north of the pasture referred to, and that his sons on that day kindled a fire in the pasture to the north, and it was the contention of plaintiff in error that the fire which burned the wood and the grass originated from this fire in the north pasture. The objection to the testimony of defendant in error was that it was the mere expression of opinion as to where the fire originated. The defendant in error stated that in that portion of the pasture next to the right of way the fire had entirely burned out when he examined it, but as he went north he found some limbs which had not entirely

burned up, and that the further north he went the more fire he found; and upon this, among other things, he based his opinion that the fire originated on or near the right of way. It is permissible for the witness to give his opinion, though he be not an expert, when he also states the facts upon which his opinion is based. We think the facts given were sufficient as a basis for an opinion. Railway Co. v. Ellis, 134 S. W. 247. Even had said testimony not been admissible, its admission would not have been material error, for the reason that the other evidence in this case conclusively shows that the fire was not communicated to the wood or grass from the north pasture. There was a public road running between the pasture where the fire was and the north pasture, and the grass to the north and west of the small pasture was not burned.

[9] Plaintiff in error's ninth assignment of error complains of the action of the court in permitting defendant in error to testify that the grass burned was worth 50 cents per acre to him for grazing purposes; the objection being that plaintiff did not allege the market value of the grass burned, and that there was no evidence that it had no market value. Plaintiff alleged that he used the grass for pasturage, and that it was worth to him for that purpose 50 cents per acre. The plaintiff not having alleged market value, but the value of the grass to him, it was not necessary that he should prove its market value. As was said in Railway Co. v. Stone, 60 S. W. 461, it is not probable that grass, under such condition, has a market value. See, also, Railway Co. v. Matthews, 3 Tex. Civ. App. 493, 23 S. W. 90; Railway Co. v. Chittim, 31 Tex. Civ. App. 40, 71 S. W. 297. We hold that the court did not err in admitting this testimony.

[10] Appellant's tenth assignment of error complains of the action of the court in permitting defendant in error to testify as to the market value of the cordwood destroyed when delivered in the car. Defendant in error alleged the market value of such wood to be $2 a cord; his testimony showed that he had been selling wood delivered in the cars at that place at from $2 to $2.50 per cord, and that the cost of delivering the wood from where it was stacked into the cars was 10 cents a cord; and also that wood was never sold at that place except delivered in the cars. In order to prove market value of the wood stacked on the ground, it was permissible to prove its value at that place when delivered in the cars and the cost of such delivery. Such testimony showed that the market value was the value thus delivered, less the cost of delivery. Woldert v. Veltman, 83 S. W. 224.

[11] Plaintiff in error's eleventh assignment of error is overruled, for the reason given herein in overruling the seventh assignment. The twelfth and thirteenth assignments of error relate to the remarks of counsel for defendant in error in his closing speech. We do not see how these remarks could have been prejudicial to plaintiff in error, unless by exciting the prejudice of the jury they induced them to render an excessive verdict. Plaintiff in error's proposition under its fourteenth assignment of error is that the verdict is excessive. We overrule the three assignments of error last referred to, for the reason that the testimony shows that, allowing defendant in error 50 cents an acre for the 40 acres of grass destroyed, and $1.90 a cord for the wood burned, and 6 per cent. interest on this amount up to the time of the trial, defendant in error's damage was in excess, to the extent of about $5, of the amount found by the jury and adjudged by the court.

Finding no material error of record, the judgment of the trial court is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes