CHANNELL CHEMICAL CO. v. HALL.*
(No. 7555.)

(Court of Civil Appeals of Texas. Dallas. June 10, 1916. Rehearing Denied July 1, 1916.)

1. PRINCIPAL AND AGENT ☞89(5)—COMMISSIONS—ACTIONS—PLEADING.

A petition setting out the contract between plaintiff and defendant for commission agency, the amount of goods sold, the amount of commissions due, defendant's promise to pay, and that the sum is past due and unpaid, and had been demanded and refused, to which an exhibit of sales, amounts, purchases, etc., is attached, is sufficient as against demurrer.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 233, 234; Dec. Dig. ☞89(5).]

2. CORPORATIONS ☞308(11)—COMMISSIONS—QUESTIONS FOR JURY.

Where the commission agent testified that the president of the corporation principal orally authorized departure from terms of written contract, that question was for the jury.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1347, 1348, 1349; Dec. Dig. ☞308(11).]

3. CORPORATIONS ☞432(12) — POWERS OF AGENT—EVIDENCE.

A corporation president, who signed a written contract of employment of plaintiff, is sufficiently shown to be the agent of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1737, 1743, 1762; Dec. Dig. ☞432(12).]

4. DAMAGES ☞228 — EXCESSIVE VERDICT — REMITTITUR.

Error in awarding an agent an excessive judgment for commissions is cured by requiring him to file a remittitur of the excess.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 576–579; Dec. Dig. ☞228.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by J. W. Hall against the Channel Chemical Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Saner, Saner & Turner, of Dallas, for appellant. Cocke & Cocke, of Dallas, for appellee.

RAINEY, C. J. Appellee brought this suit against the appellant to recover the sum of $2,659.75, commission earned in the sale of merchandise manufactured by the appellant as per contract. Appellant interposed a general demurrer, certain special exceptions to the sufficiency of the first amended original petition, a general denial, and further answered, admitting the execution of the contract, but denied that the appellee performed and carried out the contract according to its terms, and alleged, in making his pretended sales, or in taking his pretended orders, that appellee agreed and stipulated with the purchasers thereof that the goods should be shipped and held for a certain time, during which the appellee agreed to demonstrate and sell said merchandise and guaranteed the sale of same; that, claiming the benefit of such stipulation, many of the purchasers of said merchandise returned same for credit to the total value of $4,723, upon which amount the appellee was not entitled to any commission. Appellant further alleged that upon the request of the appellee it agreed to permit him to employ demonstrators, and that because of his financial inability to pay them it agreed to advance the money necessary therefor, which it did in the total sum of $3,293.84, and that after the allowance of all commissions to which appellee was entitled, and the deduction of commissions on goods returned, and of moneys paid to him and advanced for demonstrators, the appellee, plaintiff in the original suit was indebted to appellant in the sum of $132.05. Appellee thereupon filed his first supplemental petition, same being a general demurrer, a general denial, and a special denial to appellant's original answer. The general demurrer and special exceptions of appellant having been overruled, to which action of the court the appellant in open court duly excepted, the case was submitted to the jury on special issues, which returned its verdict thereon. Upon appellee's motion, judgment was rendered for appellee for $2,556.46.

Conclusions of Fact.

The agreement entered into between appellant and appellee was as follows:

---

"Chicago, Ill., Dec. 12, 1911.

"This agreement, entered into by and between Channell Chemical Company and J. W. Hall: Whereas, J. W. Hall has agreed to cover and advertise the products of the above company in the states of Mississippi, Alabama, Georgia, Florida, the eastern half of Louisiana, and the western half of Tennessee, and the eastern half of Arkansas: In consideration of J. W. Hall devoting his time to same, the Channell Chemical Company agrees to sell him O-Cedar Polish Ring Mops at 65 cents each f. o. b. in the above territory, and O-Cedar Polish in 25c, 50c, $1.00, $1.50 and $2.50 sizes at 55% off the above list net, and also pay to him a commission of 35% on all orders he sells to the retail trade, the discount to the retail trade to be 33⅓% f. o. b. delivery, 2% 10 days net 30, the Channell Chemical Company to carry the accounts. This contract covers all towns in the above-stated territory for a period of six months, where the population is 25,000 or more, and four months where the population is less than 25,000, after he has started to advertise said towns. No orders to be accepted from retail dealers for less than $25. The Channell Chemical Company agrees to pay a commission to J. W. Hall after the above-stated period of 20% on all orders taken direct for new customers, 15% on all reorders taken direct, and 10% on all mail orders coming from above-stated territory. The above commission to be based on 33⅓% off the retail price. The Channell Chemical Company agrees to pay on all jobbing orders, at a discount of 33⅓% and 20, 2% ten net 30, f. o. b. delivery, 10% for all orders taken direct, and 5% on all mail orders coming from the above territory. This contract to continue in force as long as J. W. Hall devotes his entire time to the sales of the above products. Signed in duplicate, the day and date above written.
    "[Signed]  Channell Chemical Company,
        :        "C. A. Channell, Pres.
                  "J. W. Hall."

After this agreement was signed, the appellant, by its president, C. A. Channell, authorized the appellee to make sales of the goods or products and to guarantee in the name of appellant the sale thereof to the purchasers. In pursuance of said contract and said authorization by the president, appellee sold goods and products for appellant and earned commissions which amounted to the sum of the judgment entered. Part of the goods sold by appellee were guaranteed as per the instructions of the president, which were returned to appellant.

### Conclusions of Law.

The court did not err in overruling appellant's general and special demurrers.

[1] 1. The appellee in his petition sets out the contract between him and the appellant, also the instruction given by the president, that he made sales in accordance therewith, the amount of goods sold, and the amount of commissions due him, the promise of appellant to pay same, that the account was past due and unpaid, that it had been demanded, but appellant had failed and refused, and still refuses, to pay same, except a credit, and prays for judgment, etc. An exhibit as to date of sales, amounts, purchases, etc., is made a part of the petition. The petition, we think, fully notified appellant of the nature and cause of action, and was sufficient as against the demurrers.

[2] 2. The trial court did not err in submitting to the jury the issue:

"Was there or not an oral agreement made between the plaintiff and defendant at Memphis, Tenn., subsequent to the written contract which is dated December 12, 1911, by which the defendant agreed to pay plaintiff a commission on all orders for goods shipped by the defendant, whether such goods were returned by the customer or not?"

This was answered in the affirmative. This issue was raised by the evidence. Channell was the president of the appellant company, and authorized appellee to sell the goods upon such terms. This was testified to by appellee. Whether or not the fact existed was a question for the jury.

[3] 3. It is complained that there was no evidence that Channell was an agent and authorized to make such an agreement. In this contention we do not concur. Channell, as agent of the company, signed the original contract. The appellee charged in his petition that such an authorization had been given to sell on such a guarantee. This allegation was not denied by appellant. Nor was there any denial by appellant that Channell was the president of it, or that he was not authorized to give instructions to so sell.

4. The other assignments attack the findings of the jury, in that they are not supported by the evidence. We think this complaint is without merit, as the evidence clearly warrants the findings of the jury, and there is no error in their finding.

5. The jury were authorized to find that appellee was entitled to commissions on the sale of goods sold on a guaranty and which were returned to appellant.

[4] 6. Complaint is made that the verdict is excessive. If the evidence shows that the judgment was excessive in any amount, the court required the appellee to make a remittitur of said amount, which was done, and such error, if any, was thereby cured.

7. Finding no material error of record, and the evidence supporting the judgment, it is affirmed.