SAN ANTONIO, U. & G. RY. CO. v. ERNST. (No. 6174.)

(Court of Civil Appeals of Texas.  San Antonio.  Feb. 26, 1919.  Rehearing Denied March 26, 1919.)

1. DAMAGES ☞112—DESTRUCTION OF GRASS BY FIRE OR WATER.

Measure of damages for grass and herbage destroyed by fire or water is the market value of the grass when destroyed, or, if without market value, its value in view of the use to which it was to be applied.

2. DAMAGES ☞174(3)—DESTRUCTION OF PASTURAGE—EVIDENCE.

In absence of any evidence in plaintiff's suit tending to show there was any market value of grass, testimony as to what it may have been worth to plaintiff, or his wife, was properly admitted.

3. DAMAGES ☞112 — SPECIAL DAMAGES TO PASTURAGE—LOSS OF OWNER.

Where railroad, after running line through plaintiff's lands, by neglecting and refusing to close openings on right of way by fence and cattle guards, gradually destroyed value of grass and herbage as pasturage by failing to protect it from stock of others, case was one of special damages, to be measured by loss to plaintiff rather than market value of grass.

4. APPEAL AND ERROR ☞1004(3)—CURE OF ERROR—EXCESSIVE VERDICT—REMITTITUR.

In action against railroad for destruction of pasturage by failing to fence right of way and, thus admitting stock of others to plaintiff's pasturage, any error in excessive verdict for $1,200, evidence justifying verdict for at least $750, was cured by remittitur of $450.

5. DAMAGES ☞228 — EXCESSIVE VERDICT — AUTHORITY TO REQUIRE REMITTITUR.

Where jury rendered excessive verdict, the trial court had authority to require remittitur to reduce verdict to a proper amount.

6. JUDGMENT ☞194, 233 — DISPOSITION OF ALL PARTIES AND ISSUES.

A judgment was not erroneous because not disposing of one who was a party plaintiff in the original petition, and because not disposing of part of suit to cancel deed to defendant, where such party plaintiff was eliminated by amended petition, and prayer for cancellation of deed was made in case there was no recovery of damages, which were awarded.

Appeal from District Court, Atascosa County; C. C. Thomas, Judge.

Suit by L. H. Ernst against the San Antonio, Uvale & Gulf Railway Company.  From judgment for plaintiff, defendant appeals. Affirmed.

J R. Garnand, of Jourdanton, and Mason Williams, of San Antonio, for appellant.

FLY, C. J.  Appellee sued appellant to recover damages in the sum of $1,000, being the

rental value of 500 acres, more or less, of pasture lands, and which was worth to appellee the sum of $1.50 an acre for pasturage for live stock, which pasturage was destroyed by appellant after running its line of railroad through the lands, by neglecting and refusing to close the openings on the right of way by fences and cattle guards, and protect the pasture from the inroads of stock belonging to others. The cause was tried by jury, resulting in a verdict and judgment for appellee in the sum of $1,200.

An exception to that part of the petition which alleged that the grass and herbage on the pasture was worth $1.50 an acre to appellee was overruled by the court, and an objection was then urged to testimony offered to sustain the allegation to which the exception had been directed. The appellant urged that the true measure of damages in cases of this character is the market or rental value of the grass destroyed, and, if there was no such value, then the intrinsic value of the grass.

[1, 2] The measure of damages fixed by decisions in Texas for grass and herbage destroyed by fire or water is the market value of the grass when destroyed, or, if it had no market value, then its value in view of the use to which it was to be applied. Railway v. Wallace, 74 Tex. 581, 12 S. W. 227; Broussard v. Railway, 80 Tex. 329, 16 S. W. 30; Railway v. Matthews, 3 Tex. Civ. App. 493, 23 S. W. 90; Railway v. Rheiner, 25 S. W. 971; Railway v. Goode, 7 Tex. Civ. App. 245, 26 S. W. 441; Railway v. Chittim, 31 Tex. Civ. App. 40, 71 S. W. 294; Railway v. Prude, 39 Tex. Civ. App. 144, 86 S. W. 1048. There was no evidence tending to show that there was any market value of the grass, and testimony as to what the grass may have been worth to appellee or his wife was properly admitted.

[3] In all the cases cited as to value, there was a total destruction of the grass, usually by fire, and the measure of market values, hereinbefore indicated, might be readily applied to the subject-matter, but in this case we have the grass gradually consumed by live stock of others, in conjunction with the live stock of appellee, and it is a case in which it is difficult to fix a measure of damages. Under the facts of this case, if the market value of the grass would be the measure of damages, it would be a market value of the grass to be used, together with the cattle of appellee. It was alleged that the pasturage was used for the stock of appellee, and that the use for that purpose of the pasturage was worth the sum of $1.50 an acre per year to appellee. The evidence showed that appellee used the pasture for grazing his cattle, and that there was on it the only water in the vicinity for cattle purposes. He used the pasture for his horses, and had cattle that he was raising to butcher for the market, and some milk cows. He was compelled

to feed the stock after the fence was left down, and cattle belonging to others came in. There was no way in which the measure of the market value of the grass, if any, could have been applied to his grass. It was a case of special damages sustained outside of and not to be measured by the market value rule, but only by the general law of compensation. There was no evidence tending to show that he could have obtained pasturage in the immediate vicinity for his cattle. Being a case of special damages, it was to be measured by the loss to appellee.

Appellee did not allege any market value for the grass, but alleged the value of the use to him, and, as said in the case of Railway v. Matthews, 3 Tex. Civ. App. 493, 23 S. W. 90, Railway v. Stone, 60 S. W. 461, and Railway v. Brune, 181 S. W. 547, under the circumstances of this case it is improbable that the pasturage had any market value. As said in the Matthews Case and approved by the court in Railway v. Chittim, herein cited:

"Any evidence tending to show what the grass was worth when put to any of the uses for which it was valuable should be admitted."

All the evidence tended to show that there was no market value for the pasturage, and the value of it to appellee was properly admitted. The evidence showed that no pastures in the neighborhood of appellee were being rented, and consequently there was no market value.

[4, 5] The petition sought a recovery of $1,000, and the evidence justified a verdict for at least $750, but the jury returned a verdict for $1,200, which under order of the court was reduced by a remittitur of $450 to $750. Appellant contends that the judgment should be reversed because the verdict showed passion and prejudice, but that is not necessarily so, and whatever error there may have been was cured by the remittitur. In the case of Railway v. Shults, 90 S. W. 506, relied on by appellant, there was no remittitur, and the court reversed the judgment on the ground that it was for more than was claimed, which was fundamental error, and demanded a reversal because it could not be corrected in the appellate court. The error was corrected in the trial court by the remittitur, which it had the authority to require. Railway v. Johnson, 24 Tex. Civ. App. 180, 58 S. W. 624; Railway v. Connell, 27 Tex. Civ. App. 533, 66 S. W. 246; Tex. Building Co. v. Reed, 169 S. W. 211; Channell Chem. Co. v. Hall, 187 S. W. 704.

[6] The seventh assignment claims error because the verdict and judgment do not dispose of Mrs. Ernst, who was a party plaintiff in the original petition, but did not appear in the amended petition, and because the judgment did not dispose of that part of the suit to cancel the deed to appellant for the right of way. Mrs. Ernst was eliminat-

ed from the suit by the amendment, and the prayer for cancellation was made in case there was no recovery for damages. The assignment of error is overruled.

The sufficiency of the evidence to sustain a verdict for damages is not questioned.

The judgment is affirmed.

---

&#9906;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes