## BELLAMY v. HAAG. (No. 3193.)

Court of Civil Appeals of Texas. Amarillo.
March 6, 1929.

Rehearing Denied April 24, 1929. Application
for Writ of Error Dismissed for Want of
Jurisdiction Oct. 23, 1929.

Bullington, Boone, Humphrey & King, of
Wichita Falls, for appellant.

Smoot & Smoot, of Wichita Falls, for appellee.

JACKSON, J. This suit was instituted on
May 6, 1926, by the plaintiff, Dan Bellamy,
in the district court of Wichita county, Texas, against the defendant, Mrs. Anna Haag, a
feme sole, to recover certain land and enjoin
her from interfering with his title and possession, destroying his fences, etc. A temporary restraining order was granted by the
court.

Plaintiff's suit, independent of the injunction proceedings, which are unnecessary to
this appeal, is one in trespass to try title to
land described in plaintiff's petition by metes
and bounds, and consists of about six acres.
On January 12, 1928, the defendant answered
by general demurrer, general denial, and a
plea of not guilty. She also asserted title
under the statutes of 5 and 10 years' limitation to a portion of the tract described by her
in her petition. She described by metes and
and bounds about one-fourth of an acre, the
tract to which she asserted title, and asked
that she be quieted in her title thereto.

By her cross-action, she alleged that she
was the owner of the tract described in her
answer, and that in April, 1926, the plaintiff,
during her temporary absence, went upon her
said tract of land, cut her fence, opened her
inclosure, let out her stock, let in other stock,
tore down and carried away her fence, and
appropriated it to his own use and benefit,
and that he cut down and destroyed valuable
pecan trees and other timber on her said
tract of land; that the plaintiff, on false
statements, wrongfully procured a temporary
writ of injunction against her and under the
protection thereof, entered upon her said land
and fenced a portion thereof, excluding her
therefrom; that by reason of the facts set
out in her cross-action she had suffered $500
actual damages, and in addition thereto the
loss of the rental value of her land in the
sum of $200 per annum.

By supplemental petition, the plaintiff
pleaded a general demurrer, a general denial,
and not guilty to defendant's cross-action.

In response to special issues submitted by
the court in his main charge, the jury found,
in substance, that, immediately prior to the
time of the filing of plaintiff's suit, defendant
held the land in controversy by open, peaceable and adverse possession for a period of
ten years, cultivating, using, and enjoying it;
that the defendant was damaged by the acts
of plaintiff with reference to the property in
question in the sum of $400.

In response to special issues, submitted by
the court at the request of the plaintiff, the
jury found, in effect, that the cash market
value of the strip of land in controversy immediately before the fence was built by the
plaintiff was the sum of $50, and that the
cash market value immediately after said
fence was built was $50, and that the plaintiff cut and removed trees from the land in
controversy.

On these findings, the court rendered judgment that the defendant be quieted in her
title and possession of the land claimed by
her in her answer, a complete description of
which is found in the judgment, and that the
defendant recover $400 as damages, with interest, etc. The defendant, by remittitur, reduced the amount of the judgment to $250.

From this judgment, the plaintiff, who is appellant here, prosecutes this appeal.

The appellant challenges as error the action of court in refusing to enter judgment for him on his motion therefor, because the evidence conclusively shows that he had record title to the land and is wholly insufficient to establish a title by limitation, as there is no finding that the defendant claimed title to the land in controversy adversely to the appellant. This contention is based on the wording of the special issue as it reads in the original transcript, submitting title under the statute of 10 years' limitation (Rev. St. 1925, art. 5510). A supplemental transcript has been filed, which shows that said issue is incorrectly copied in the original transcript, and, as shown in the supplemental transcript, such issue was correctly submitted. This assignment is not tenable. The testimony sustaining this issue is without substantial contradiction in the record.

The appellant presents as error the action of the court in rendering judgment against him for damages in the sum of $250, because the testimony is wholly insufficient to support the finding of the jury that any damages were suffered by appellee, and, in any event, the amount of $250 is excessive and unwarranted by the testimony. The testimony tends to show that the appellee had a good four-wire fence separating her land from that claimed by appellant; that he cut this wire fence and destroyed it, or appropriated it to his own use; that he built a wire fence on what he claimed to be the line, which placed appellee's land within his inclosure; that he held possession of appellee's land for a period of approximately two years, and put it in a state of cultivation; that appellee purchased her tract of land about 20 years ago and paid $200 per acre therefor; that since its purchase it had been taken into the corporate limits of the city of Wichita Falls, which enhanced its value; that she was using her tract of land, or a portion thereof, as a park, and had Bermuda grass planted thereon; that the trees thereon added to its value, and especially so for park purposes; that the value of the fence destroyed by appellant was the sum of $50 or $60, and that the damage done by cutting the trees off appellee's land by appellant was the sum of $500. The appellant does not challenge the finding of the jury that appellant cut the trees. There was no testimony of the rental value of the land, but, if there had been, no issue was submitted and none requested on the issue of the land's rental value. Therefore, the item of rental value was waived by appellee. Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. In our opinion, however, the testimony was sufficient to authorize the court in submitting to the jury whether or not the acts of appellant had damaged appellee and sufficient to sustain an award of $250 damages.

The appellant, by a proper assignment, contends that, as the measure of appellee's damages was the difference in the market value of the land in controversy immediately before the trees were cut and immediately thereafter, and the jury having found that the market value of the land immediately before the appellant built his fence and immediately thereafter was $50, there was no basis upon which appellee could be awarded any damages whatever.

No objection was made to the issues submitted by the court in his main charge, and no objection made and no exception reserved to the testimony offered to establish appellee's damages. It may be conceded that the general rule for the measure of damages to real estate is the difference in the value of the land immediately before and immediately after such damage is inflicted; but, in view of the fact that no objection was or is urged to the damage as submitted by the court, or to the testimony tending to sustain the issue of damages, the rule contended for by appellant does not, in our opinion, under this record, constitute reversible error.

"Compensation for the loss sustained is the end sought by the law in all cases, and while the plaintiff undoubtedly would be entitled, in a case like the present, to recover the difference in the value of his land immediately before and immediately after the fire, and while perhaps this is the better and safer rule for all cases, yet there is no sound reason for denying him the right to recover the market value, or the real value in the absence of the market value, of the improvements or fixtures destroyed, considered separate and apart from the realty; for, if such value be justly appraised by the jury, the damage, when thus measured, can by no possibility exceed the damage when measured by the rule first stated." Weinstein v. Acme Laundry (Tex. Civ. App.) 166 S. W. 126. See, also, Fort Worth & N. O. Ry. Co. v. Wallace, 74 Tex. 581, 12 S. W. 227; Gulf, C. & S. F. Ry. Co. v. Matthews, 3 Tex. Civ. App. 493, 23 S. W. 90.; Galveston, H. & S. A. Ry. Co. v. Chittim, 31 Tex. Civ. App. 40, 71 S. W. 294, 296; San Antonio, U. & G. Ry. Co. v. Ernst (Tex. Civ. App.) 210 S. W. 603; Galveston H. & S. A. Ry. Co. v. Harris (Tex. Civ. App.) 216 S. W. 430.

There is no testimony as to the value of the land immediately before the trees were cut and its value immediately thereafter. The evidence shows conclusively that the trees were cut after the appellant had destroyed appellee's fence, and erected his fence on what he claimed to be the line; hence the finding of the jury that the market value of the land immediately before and immediately after the appellant built his fence was the sum of $50 excludes from the consideration of the jury any damage for the destruction of

the trees. Not only was there no testimony as to the market value of the land immediately before the plaintiff built his fence and immediately thereafter, but there is not a word of testimony in the record as to the market value of the land before or after appellee's fence was destroyed, her land put in cultivation by appellant, or the destruction of the trees by him. Hence the only way to determine the damage was to consider the value of the fence and the trees that were destroyed. Therefore there was no evidence to submit to the jury the issue of the market value of the land, and no testimony to support a finding of the jury thereon.

"The statute in regard to the submission of special issues authorizes a submission only when 'raised by the pleadings and the evidence'; in other words, to justify its submission, the issue must be raised by both pleadings and evidence; if raised by the pleadings, and not by the evidence, or vice versa, it should not be submitted. However, if erroneously submitted, the jury's answer should be ignored by the court, for (article 2211 [1994–5–7] Rev. St. 1925) the judgment must conform to the pleadings, the nature of the case proved (the evidence), and the verdict of the jury, which necessarily comprehends a verdict based on an authorized submission, under article 2189." Morton Salt Co. v. Lybrand (Tex. Civ. App.) 292 S. W. 264, 265.

Finding no reversible error presented, the judgment is affirmed.